UNITED STATES of America
v.
Frank W. BOYKIN et al.
Crim. No. 26067.

United States District Court
D. Maryland.
Oct. 7, 1963.

Joseph D. Tydings, U. S. Atty., J. Hardin Marion, III, Asst. U. S. Atty., Arnold M. Weiner, Sp. Asst. U. S. Atty., Baltimore, Md., and Arthur L. Burnett,

Atty., Crim. Div., Dept. of Justice, Washington, D. C., for the United States.

Edward Bennett Williams and Harold Ungar, Washington, D. C., for Frank W. Boykin.

THOMSEN, Chief Judge.

Defendant Boykin was found guilty by a jury of conspiracy "to defraud the United States of and concerning its governmental functions and rights", in violation of 18 U.S.C. § 371, and of aiding and abetting the defendant Johnson to receive compensation for services rendered and to be rendered before the Department of Justice, in violation of 18 U.S.C. § 281.[1] After their motions for a new trial were denied, the defendants were directed to appear before the Court today for sentencing.

■ Counsel for Boykin have presented to the Court a waiver of his right under Rules 43 and 32(a) to be present at the imposition of sentence upon him in this case and to make any statement in his own behalf in mitigation of punishment. This waiver is signed by Boykin and by his counsel, and consented to by the United States Attorney. It is supported by the following affidavit, signed and sworn to by the defendant Boykin:

"1. I am presently a patient at the Georgetown University Hospital in Washington, D. C., having been admitted on September 26, 1963, as a result of recurrence of my heart trouble.

"2. I am advised by my doctors that I must remain hospitalized for some additional period and that it would be extremely dangerous to my health for me to leave the hospital to attend the sentencing proceedings scheduled in my case for October 7, 1963.

"3. My attorneys have explained to me that I have a legal right to be present at the sentencing and, further, that I have a right to be given an opportunity to make a statement in my own behalf and present any information in mitigation of punishment.

"4. Fully understanding that I have these legal rights, I do not wish to take advantage of them. I am content to be represented by my attorneys at the proceedings on October 7, 1963, and desire that sentence be passed upon me at that time without my being personally present."

The Court is satisfied from material contained in the pre-sentence report prepared by a probation officer, and from the statement made by the United States Attorney after personal investigation, that Boykin, who is 78 years old, is unable to come to Court at this time. The Court is also satisfied that Boykin is suffering from a serious heart condition and that further uncertainty and worry with respect to the possible sentence would be detrimental to his health.

■ Counsel have advised me that they have found no precedent for accepting or denying such a waiver as this. Without question the spirit, if not the letter of Rules 43 and 32(a), F.R.Crim. P., requires that ordinarily the defendant should be present when sentence is imposed, except in the cases specially provided for in Rule 43. His right of allocution is not lightly to be abandoned. In the present case, however, justice and mercy alike dictate that whatever sentence is to be imposed after hearing from Boykin's counsel should be made known promptly, that Boykin's waiver should be accepted, and his request for imposition of sentence at this time in his absence should be granted. It is so ordered.

1. For a summary of the indictment, see United States v. Johnson, D.Md., 215 F.Supp. 300, 304.