**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**H. Rap BROWN, Defendant-Appellant.
Nos. 26249, 30405.**

United States Court of Appeals,
Fifth Circuit.

March 17, 1972.

William M. Kunstler, Law Center for Constitutional Rights, New York City, Murphy Bell, Baton Rouge, La., Michael E. Tigar, Los Angeles, Cal., Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Julian R. Murray, Jr., First Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

The appellant, H. Rap Brown, was convicted of violating Title 15, U.S.C., Section 902(e), and sentenced to five years imprisonment and a fine of $2,000.00. Upon direct appeal, this Court vacated the judgment below and remanded the case for a hearing consistent with Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176. Brown v. United States, unreported order dated April 3, 1969, No. 26,249. After the hearing below, the district court, 317 F.Supp. 531, on July 24, 1970, found no error at trial and ordered Brown to appear for re-sentencing on September 9, 1970. When the appellant did not appear for re-sentencing, after several continuances to permit his appearance, the court on September 24, 1970, sentenced him *in absentia*, by reimposing the prior committed sentence of five years and fine of $2,000.00. Brown's counsel filed timely notices of appeal from both the order of July 24 and the judgment and sentence on September 24.

This panel of the court entered an order on May 26, 1971, striking the appeal from the docket pending the appellant's

**1114**

return to our jurisdiction.[1] Brown has now moved to reinstate his appeal, asserting that he is in the custody of the State of New York and thus within our jurisdiction.

 Upon an examination of the record on appeal, occasioned by Brown's motion for reinstatement of his appeals, we find that the judgment and sentence below were imposed in clear violation of Rule 43, F.R.Crim.P. While it is not error, in some circumstances, for a defendant to be absent during *trial,* see, e. g., Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 26 L.Ed.2d 353, and Rule 43, F.R.Crim.P., a defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record. See, e. g., United States v. Boykin, D.Md.1963, 222 F.Supp. 398.

We vacate the judgment and sentence below, and order this cause remanded to the district court for re-sentencing in compliance with Rule 43, after the procurement of Brown's presence by an appropriate writ. Upon imposition of sentence and entry of judgment, Brown will be under a judgment and sentence from which a timely appeal may be taken.

 Brown also filed a timely notice of appeal from the district court's determination of July 24, 1970 that the government's evidence at trial supporting conviction was not the product of illegal surveillance. We dismiss this appeal as being premature and thus non-appealable under Title 28, U.S.C., §§ 1291, 1292.

This order is entered without prejudice to the right of the appellant to raise this issue upon any future timely appeal after re-sentencing and entry of judgment below.

The appeal from the district court's order of July 24, 1970 is dismissed, and the judgment and sentence of September 24, 1970 are vacated and remanded with directions.

1. Brown v. U. S., unreported order dated May 26, 1971, Nos. 26,249 and 30,405. The order provided:

"It is common knowledge that appellant, H. Rap Brown, has disappeared and his present whereabouts are unknown. If his disappearance was wilful and he is yet alive he would necessarily be a fugitive from justice. Un-der these circumstances, the Court, *sua sponte* orders this appeal stricken from the docket of this Court, to be reinstated, on appropriate motion, if and when it should be made known to the Court that Brown is available and subject to any judgment which might be entered in this case."