HOBSON, Judge.
It is clear from the record in this case, and undisputed by the State, that appellant’s appeal was frustrated by State action. Baggett v. Wainwright, Fla.1969, 229 So.2d 239. The record is entirely adequate for the purpose of making this determination. It contains a pro se motion to the trial judge which was filed by appellant six days after judgment and sentence, asking for an appeal, requesting the appointment of an attorney and stating that he was indigent. Despite this, counsel was not appointed nor an appeal taken until after the time for appeal had expired.
We therefore treat the appeal papers as a petition for habeas corpus, Thompson v. Dilley, Fla.1973, 275 So.2d 234, and grant belated appellate review under authority of Hollingshead v. Wainwright, Fla.1967, 194 So.2d 577. No formal issuance of a writ is necessary.
Considering now the merits of the case, appellant’s only contention is that the lower court erred in failing to credit him for the time he had spent in county jail awaiting trial.
Allowance of credit for “jail time” is now mandatory under § 921.161(1) F.S. as amended by Ch. 73-71, Laws of Florida 1973. Hollingshead v. State, Fla.App.1st 1974, 292 So.2d 617. Appellant, having been sentenced after the effective date of Ch. 73-71, was entitled to credit for the time spent in jail awaiting trial.
The cause is remanded to the trial court for the purpose of entering a corrective sentence order, setting forth specifically the period of credit time allowed appellant in accordance with § 921.161(1) F.S. Grine v. State, Fla.App.2d 1974, 301 So.2d 122; Marshall v. State, Fla.App.2d 1974, 310 So.2d 575 (1975). This action may be taken by the trial court without the appellant appearing before the court.
The judgment appealed is affirmed and the cause remanded with directions.
McNULTY, C. J., and GRIMES, J., concur.