Willie James BYRD

v.

Joe S. HOPPER, Warden, Georgia State Prison.

Civ. A. No. C 75–2177 A.

United States District Court, N. D. Georgia, Atlanta Division.

Jan. 23, 1976.

**1324**

Edwin M. Saginar, Atlanta, Ga., for petitioner.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

JAMES C. HILL, District Judge.

Petitioner, Willie James Byrd, by counsel prays for a writ of habeas corpus on the ground that the conviction and sentence under which he is being detained were imposed in violation of the due process clause of the Fourteenth Amendment. Specifically, petitioner contends that he was denied due process in that 1) he was tried and sentenced *in absentia;* 2) the trial judge improperly took the sentencing from the jury and considered evidence highly prejudicial to petitioner; and 3) he was not allowed to move for a new trial and denied the right to appeal.

The facts in this case do not appear to be in dispute. Petitioner is presently serving a determinate sentence of sixteen (16) years for three (3) counts of armed robbery imposed by the Superior Court of Fulton County on May 30, 1973. Petitioner is now confined in the Georgia State Prison at Reidsville.

The petitioner was tried on May 29 and 30, 1973, by a jury in the Fulton County Superior Court. On the morning of May 29, 1973, the first day of the jury trial, petitioner, who was at liberty on bond, appeared in court and was represented by counsel. Petitioner was thus present during the striking of the jury that morning. However, the Court was adjourned for the noon recess before the jurors had been sworn. After the lunch recess, petitioner did not return to court. The parties agree that the petitioner's absence was entirely voluntary.

Counsel for petitioner moved for a mistrial on the basis that the jury had been selected but not sworn in by means of the oath and that petitioner could not be tried *in absentia.* Reluctantly, the trial judge ordered the trial to proceed on the ground that petitioner had voluntarily absented himself from the trial. Petitioner's counsel represented him throughout the trial in his absence. The jury found petitioner guilty on all three counts of the indictment.

The jury then heard argument and instructions on the issue of the sentence to be imposed.[1] After deliberating for about two (2) hours, the jury had not reached sentence verdicts and the trial

---

1. Georgia law at the time provided for a bifurcated trial. Ga.Code Ann. § 27–2534:

"At the conclusion of all felony cases and after argument of counsel and proper charge from the court, the jury shall retire to consider a verdict of guilty or not guilty without any consideration of punishment. Where the jury returns a verdict of guilty, the court shall resume the trial and conduct a pre-sentence hearing before the jury at which time the only issue shall be the determination of punishment to be imposed. In such hearing, subject to the laws of evidence, the jury shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas; Provided, however, that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible. The jury shall also hear argument by the defendant or his counsel and the prosecuting attorney, as

judge took the case from the jury to impose sentence himself.

Then, during argument to the Court the state prosecutor mentioned that one of the jurors had voluntarily told him that the jury had been considering a sentence totalling twenty (20) years. Upon objection from petitioner's counsel, the trial judge noted that he would not consider this in his sentence deliberations. The Court then imposed sentence totalling sixteen (16) years.

Counsel for petitioner afterwards filed a motion for new trial. The motion was overruled on the ground that petitioner was still a fugitive. No appeal was taken from this order; nor does it appear that petitioner's counsel attempted to appeal the conviction directly.

In October, 1973, petitioner was arrested in Ohio and waived extradition to Georgia. Petitioner then filed for a writ of habeas corpus in the Superior Court of Butts County. On June 28, 1974, the petition was denied. This order was appealed to the Supreme Court of Georgia which affirmed the denial of habeas corpus relief. · Byrd v. Ricketts, 233 Ga. 779, 213 S.E.2d 610 (1975). A writ of certiorari to the United States Supreme Court was also denied. Byrd v. Ricketts, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975). This application followed.

The respondent has moved for summary judgment on the ground that the petition does not state a claim for habeas corpus relief. The Court is of the opinion that respondent's motion should be granted.

The petitioner first contends that it was error of constitutional magnitude to

conduct his trial in his absence, particularly where his voluntary departure occurred before the jury had been sworn. The seminal opinion on the question of whether an accused may voluntarily consent to his own absence at his trial is *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). In *Diaz* the defendant voluntarily absented himself from the trial, expressly consenting that it should proceed in his absence, but in the presence of his counsel. The argument was later made that the right to be present could not be waived. The Supreme Court held:

"But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." 223 U.S. at 455, 32 S.Ct. at 254.

The rationale of such a rule is quite clear. The accused has an obligation, and the terms of his bond require him to present himself in the courtroom on the trial of his case. *See Stack v. Boyle,* 342 U.S. 1, 4–5, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Thus, if a defendant could not waive his presence at trial, no conviction of any defendant could be had unless he wished to be present at the time.

The petitioner places some reliance in his argument that he did not waive his presence at trial by voluntarily absenting

provided by law, regarding the punishment to be imposed. The prosecuting attorney shall open and the defendant shall conclude the argument to the jury. Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions and the jury shall retire to determine the punishment to be imposed. The jury shall fix a sentence within the limits prescribed by law. The judge shall impose the sentence fixed by the jury as provided by law. If the jury cannot, within a reasonable time, agree to the punishment, the judge

shall impose sentence within the limits of the law; Provided, however, that the judge shall in no instance impose the death penalty when the jury cannot agree upon the punishment. If the trial court is reversed on appeal because of error only in the pre-sentence hearing, the new trial which may be ordered shall apply only to the issue of punishment."
(Acts 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161. Repealed by Acts 1974, pp. 352, 355.)

himself on a portion of former Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C., Rule 43.

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury, and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

Of course, the implication petitioner draws from the second sentence set out above is that in a prosecution which *is* punishable by death a defendant's voluntary absence *shall* prevent continuation of the trial. Under Ga.Code Ann. § 26–1902, armed robbery, for which petitioner was being tried on three (3) counts, is punishable by death or life imprisonment. Thus, petitioner concludes that he could not waive his presence by voluntarily leaving.

■ The Court disagrees with petitioner's argument for at least two reasons. First, *present* Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C., Rule 43 (effective December 1, 1975) provides that

[t]he further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present, (1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial)."

Thus, the rule is no longer limited to trials for crimes other than those punishable by death. Second, there is no indication that the former rule embodied a constitutional limitation applicable to the states. In fact, the elimination of the distinction in the present rule is persuasive evidence that it did not. Thus, this Court is of the opinion that a defendant may consonant with the due process clause waive the right to be present at the trial of his case.

The question remains as to whether petitioner did so under the circumstances of this case. In *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 150 (1973), the Supreme Court was faced with a situation strikingly similar to the case *sub judice.* In *Taylor* the defendant failed to return for the afternoon session on the first day of his trial. Relying upon former Rule 43 the trial court proceeded with the trial. In upholding his conviction the Supreme Court recognized the long-standing rule of *Diaz v. United States, supra,* and then continued:

"Petitioner, however, insists that his mere voluntary absence from his trial cannot be construed as an effective waiver, that is, 'an intentional relinquishment or abandonment of a known right or privilege,' unless it is demonstrated that he knew or had been expressly warned by the trial court not only that he had a right to be present but also that the trial would continue in his absence and thereby effectively foreclose his right to testify and to confront personally the witnesses against him.

Like the Court of Appeals, we cannot accept this position. Petitioner has no right to interrupt the trial by his voluntary absence, as he implicitly concedes by urging only that he should have been warned that no such right existed and that the trial would proceed in his absence. The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and *Diaz,* we conclude that it was.

It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the

midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence.'" (citations and footnotes omitted).

414 U.S. at 19–20, 94 S.Ct. at 195.

*See also, United States v. Cox,* 459 F.2d 986 (5th Cir. 1972). Under the rationale of this opinion the petitioner's voluntary absence after his trial had commenced was clearly a waiver of his right to be present.

■ A final argument on this issue raised by the petitioner is that the rule of voluntary waiver is inapplicable in his case where he absented himself before the jury had been sworn. However, the Court is directed to no sound reason why the point in time when jeopardy attaches is relevant on the question here in issue. As stated most succinctly in *United States v. Tortora,* 464 F.2d 1202 (2nd Cir. 1972), *cert. denied, sub nom. Santoro v. United States,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972):

> "As we think the controlling question is one of waiver, we find irrelevant those cases which deal with when jeopardy attaches. Thus Santoro's citation of the double jeopardy cases holding that no jeopardy attaches until the jury has been empaneled is of no moment. The rule that jeopardy attaches once the jury is empaneled represents an historical judgment that, after the jury's empaneling, the pressures inherent in a criminal proceeding reach such proportions that a defendant, absent exceptional circumstances, should not be made to run the gantlet more than once. But guaranteeing a defendant this right does not answer the very different question of whether and when he has waived his right that the trial take place in his presence." (citation omitted).

464 F.2d at 1209 n.5.

Under the circumstances the Court is of the opinion that petitioner's voluntary absence from his trial with actual notice that it was proceeding precludes his ar-

guments that he was denied due process when the trial proceeded in his absence. The jury had been selected and the prosecution's out-of-state witnesses were present. There was no constitutional error in proceeding with the trial.

Petitioner also contends that even when an accused has voluntarily absented himself, *sentence* may not properly be imposed in his absence. It is, of course, generally true that many of the practical necessities which argue in favor of continuing a trial once it has been commenced are not present with regard to the sentencing process where the court usually takes charge. However, in this case sentence was to be imposed by the same jury empanelled for the trial, as opposed to sentence being imposed by the Court. Thus, there was some pressure toward proceeding with the sentencing in petitioner's absence. Yet, ultimately, the sentencing was taken from the jury and sentence imposed by the Court. The question is whether petitioner's voluntary absence waived his right to be present when sentence was imposed.

In *United States v. Brown,* 456 F.2d 1112 (5th Cir. 1972), the defendant did not appear for sentencing, and after several continuances to permit his appearance, the Court finally sentenced him *in absentia.* The Fifth Circuit vacated the judgment and sentence.

> "While it is not error, in some circumstances, for a defendant to be absent during *trial,* a defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record." (citations omitted).

456 F.2d at 1114.

However, this case involved a federal court and the opinion seems to be premised on the provisions of former Rule 43 of the Federal Rules of Criminal

**1328**

Procedure. *See also Caille v. United States,* 487 F.2d 614 (5th Cir. 1973).

The rule of the common law was that when even the slightest corporal punishment was to be inflicted, the defendant must have been present in court when the sentence was pronounced. *Ball v. United States,* 140 U.S. 118, 129, 11 S.Ct. 761, 35 L.Ed. 377 (1891); *see generally* 6 A.L.R.2d 997. The question presented here, however, is whether the due process clause of the United States Constitution prevents a defendant from waiving that right. More specifically, the issue is whether the petitioner was denied due process under the circumstances of this case.

■ The petitioner left his trial after it had commenced and all of the other participants were present; the petitioner necessarily knew or should have known that his trial would continue; under Georgia law the jury empanelled for the trial was also charged with the duty of imposing sentence; and petitioner was throughout represented by counsel to argue in his behalf. While the jury, in fact, did not impose the sentence, the Court is of the opinion that under the circumstances of this case petitioner was not denied due process of law when the Court sentenced him in his absence. *Cf. Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *see Thompson v. United States,* 495 F.2d 1304, 1306–1307 n.5 (1st Cir. 1974).

■ The petitioner next argues that it was error for the trial judge to take the sentencing from the jury after only two (2) hours of deliberation. Georgia law provided that if the jury could not agree to the punishment "within a reasonable time," then the judge should impose sen-

tence. The point in time when the court withdraws consideration of the sentence from the jury is a matter of discretion for the trial judge under state law, *Hensley v. The State,* 228 Ga. 501, 186 S.E.2d 729 (1972), and does not raise an issue cognizable on federal habeas corpus.

■ Petitioner contends that it was constitutional error for the trial court to be informed as to the jury deliberations with regard to sentencing. However, the court specifically stated that it would not consider the remark made by the prosecutor and proceeded to, in fact, impose a lesser sentence. This contention is without merit.

■ Finally, petitioner argues that it was error for the trial court to dismiss his motion for new trial on the basis that petitioner was a fugitive from justice. The Court cannot agree. The universal practice appears to be that a fugitive from justice will not be permitted to pursue post-conviction remedies until such time as he is available and subject to any judgment which might be entered in his case. *See Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (Per Curiam); *United States v. Eberhardt,* 467 F.2d 578 (5th Cir. 1972); *United States v. Brown,* 456 F.2d 1112 (5th Cir. 1972). The rationale of the rule is that it discourages escape and encourages voluntary surrender. *Estelle v. Dorrough, supra.* In addition, the limited resources of the court should not be expended on one who voluntarily removes himself from the jurisdiction.

On the basis of the foregoing the petition for habeas corpus relief is hereby denied.

It is so ordered.