Willie James BYRD, Petitioner-Appellant,

v.

Joe S. HOPPER, Warden, Georgia State Prison, Respondent-Appellee.

No. 76–1426
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1976.

Edwin M. Saginar, Atlanta, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, G. Thomas Davis, Asst. Attys. Gen., Robert S. Stubbs, II, Chief Deputy Atty.

---

1. *See United State v. Torres,* 5 Cir., 1976, 537 F.2d 1300; *United States v. Dimas,* 5 Cir., 1976, 537 F.2d 1301.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1304**

Gen., Richard L. Chambers, Deputy Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant, Willie James Byrd, is a Georgia state prisoner serving a sixteen-year sentence imposed by the Superior Court of Fulton County on May 30, 1973, following conviction for three counts of armed robbery. Of the numerous alleged errors he propounds as grounds for the District Court's dismissal of his petition for habeas corpus, only one warrants discussion here: his claim that he was denied due process because he was not present at the time of his sentencing.

At the time of his original trial, Byrd was admitted to bail; he was present when his case was called and pled not guilty; and he was represented throughout his trial and sentencing by retained counsel. Following voir dire and jury selection, the court adjourned for lunch, at which time Byrd voluntarily absented himself from the remainder of the proceedings. Appellant's counsel subsequently informed the trial judge that Byrd had contacted him by telephone without revealing his whereabouts, and that it would be futile to delay trial in an attempt to secure Byrd's presence. The trial proceeded, and the jury found Byrd guilty as charged. The case was then submitted to the jury for sentencing, following the procedure specified in Ga.Code Ann. § 27–2534, which was applicable at the time.[1] When lengthy deliberation failed to yield jury agreement as to Byrd's punishment, the judge withdrew the sentencing responsibility from the jury, as he was authorized to do by section 27–2534,[2] and imposed a sentence of sixteen years in the state penitentiary.

Faced with these facts in an appeal from a subsequent state habeas proceeding, the Georgia Supreme Court held that there was no error in the imposition of sentence in absentia where the accused had voluntarily absented himself from the proceedings, citing the "considerable authority to the effect that the voluntary absence of the accused waives his right to be present" during sentencing. *Byrd v. Ricketts*, 1975, 233 Ga. 779, 213 S.E.2d 610, 611, *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675, *citing People v. Rife*, 18 Ill.App.3d 602, 310 N.E.2d 179 (1974); *State v. Kelly*, 213 Kan. 237, 515 P.2d 1030 (1973); *People v. White*, 18 Cal.App.3d 44, 95 Cal.Rptr. 576 (1971); *People v. Colon*, 66 Misc.2d 956, 322 N.Y. S.2d 907 (1971). *See also In re Jimenez*, 269 Cal.App.2d 621, 75 Cal.Rptr. 152 (1969); *People v. Brown*, 102 Cal.App.2d 60, 226 P.2d 609 (1951); *Williams v. State*, Fla. App., 1975, 310 So.2d 53; *Zambrano v. State*, 478 S.W.2d 500 (Tex.Crim.App.1972); *Reed v. State*, 172 Tex.Cr.R. 122, 353 S.W.2d 850 (1962).

Under the circumstances, there was full compliance with Georgia law, and we agree with the District Court that imposition of

---

1. Byrd's trial commenced on May 29, 1973. The relevant portion of section 27–2534 was enacted in 1970, *see* Act of March 27, 1970, [1970] Ga.Laws 949, 950, and not repealed and supplanted until 1974. Act of March 20, 1974, [1974] Ga.Laws 352, 355–58; *see* Ga.Code Ann. § 27–2503 (present law).

2. At the time of Byrd's trial, the relevant language of section 27–2534 provided:

    Where the jury or judge returns a verdict or finding of guilty, the court shall resume the trial and conduct a pre-sentence hearing before the jury or judge at which time the only issue shall be the determination of punishment to be imposed. . . . Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions and the jury shall retire to determine the punishment to be imposed. . . . If the jury cannot, within a reasonable time, agree to the punishment, the judge shall impose sentence within the limits of the law; provided, however, that the judge shall in no instance impose the death penalty when, in cases tried by a jury, the jury cannot agree upon the punishment.

    Act of March 28, 1973, [1973] Ga.Laws 159, 162, *amending* Act of March 27, 1970, [1970] Ga.Laws 949, 950–51.

sentence in absentia was not improper.[3] Although the sentence was ultimately imposed by the judge, Georgia sentencing procedure permitted this to be done only after the jury which tried the case had deliberated concerning the sentence and had been unable to agree to the punishment to be imposed "within a reasonable time." When the petitioner voluntarily left the trial, he knew or should have known that his trial would continue, and that the jury which assessed his guilt would also necessarily consider his sentence. He was also aware that despite his own absence, he continued to be represented by retained counsel at every stage of the proceedings. We are thus convinced that he was not denied due process of law by being sentenced in absentia.

AFFIRMED.

**3.** Our holding in *United States v. Brown*, 5 Cir., 1972, 456 F.2d 1112, 1114, that Rule 43 of the Federal Rules of Criminal Procedure requires that "a defendant *must* be present at sentencing" (emphasis in original), is inapplicable here. *Brown* involved a direct criminal appeal from a federal conviction and sentence. As indicated above, the Georgia sentencing procedure applicable at the time of Byrd's trial, unlike that mandated by Rule 43 under *Brown*, has been construed by the Georgia Supreme Court to permit voluntary absence to operate as waiver of the right to be present during sentencing. *Cf. United States v. Huntley*, 5 Cir., 1976, 535 F.2d 1400 n. 6.