UNITED STATES of America, Plaintiff,

v.

Alphonse PERSICO and Michael Bolino, Defendants.

No. 79 CR 593.

United States District Court,
E. D. New York.

Aug. 12, 1980.

Edward R. Korman, U. S. Atty., E. D. of New York, New York City, Thomas P. Puccio, Attorney-in-Charge, U. S. Dept. of Justice, Organized Crime Strike Force, E. D. of New York, for plaintiff; Edward A. McDonald, Asst. Attorney-in-Charge, New York City, of counsel.

Frank A. Lopez, New York City, for defendant Alphonse Persico.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge.

Alphonse Persico was convicted of various crimes in connection with extortionate extensions of credit. 18 U.S.C. §§ 2, 892, 894. The presentence report indicated that he was a senior member of a branch of organized crime, a contention he contested. In order to determine the facts, a *"Fatico* hearing" was commenced. *See United States of America v. Fatico II,* 603 F.2d 1053, 1057 (2d Cir. 1979) (this type of sentencing hearing termed a *"Fatico* hearing"). After the government had completed its direct examination of its first witness, the proceedings were adjourned at the request of defendant to permit him time to gather further evidence. Persico failed to appear on the adjourned date and he is now a fugitive.

■ Rule 43 of the Federal Rules of Criminal Procedure provides that the "de-fendant shall be present . . . at the imposition of sentence." There are no exceptions. *See, e. g.,* 8B Moore's Federal Practice § 43.02(2) (2d ed. 1980) (defendant has no power to waive presence at imposition of sentence in .felony case). This is a higher standard of due process than that required by the federal constitution. *Compare United States v. Brown,* 456 F.2d 1112, 1114 (5th Cir. 1972) (a defendant in a federal prosecution "must be present at sentencing") *with Byrd v. Hopper,* 537 F.2d 1303 (5th Cir. 1976) (sentencing of absent defendant by state in compliance with state law not a denial of due process). *See also, e. g., People v. Stroman,* 36 N.Y.2d 939, 373 N.Y.S.2d 548, 335 N.E.2d 853 (1975); *Root v. Kapelman,* 67 A.D.2d 131, 136, 414 N.Y. S.2d 707, 710 (1st Dept.1979) (section 380.40 of New York's Criminal Procedure Law permits sentencing defendant *in absentia*). Policy considerations support this heightened level of protection. *See* Note, Procedural Due Process at Judicial Sentencing For Felony, 81 Harv.L.Rev. 821, 830–833 (1968). Nevertheless, there have been instances in this and other district courts where special circumstances were thought by the court to warrant a sentence *in absentia* despite the mandatory language of Rule 43. This *sub rosa* practice may suggest the need for reconsideration by rule-making bodies of the desirability of affording the sentencing court some discretion.

■ Although Rule 43 does not address the question of whether the defendant must be present at any sentencing proceedings or hearings conducted prior to the sentencing itself when he voluntarily absents himself, proceeding with the hearing without the prospect of actually imposing a sentence serves no purpose. Were it not for Rule 43 the court would have completed the hearing in a truncated form since the witnesses might be unavailable when the defendant is apprehended. The defendant would then have been sentenced *in absentia* for general deterrence purposes. The hearing is adjourned without date pending the apprehension of the defendant.

So ordered.