**UNITED STATES of America, Plaintiff,**

v.

**James TURNER, Defendant.**

**No. CR–78–0400–WWS.**

United States District Court,
N. D. California.

Feb. 24, 1982.

---

Floy E. Dawson, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Charles R. Breyer, Jacobs, Sills & Coblentz, San Francisco, Cal., Neal R. Sonnett, Benedict P. Kuehne, Bierman, Sonnett, Beiley & Shohat, P. A., Miami, Fla., for defendant.

## ORDER

SCHWARZER, District Judge.

Defendant was convicted of importing and conspiring to import cocaine in violation of 21 U.S.C. §§ 952 and 963 on Friday, April 6, 1979, following a two week jury trial. That day, in defendant's presence, the Court set judgment for April 27, 1979, and granted defendant's request for the opportunity to raise bond over the weekend. The Court ordered the defendant to report and post bond the following Monday, April

9. Defendant failed to do so. An arrest warrant was issued on April 10, 1979.

On June 29, the Court issued written notice to defendant's lawyer and defendant's father that sentence and judgment would be imposed on July 20, 1979. On July 20, no appearance was made by or for defendant, and the Court concluded that "by absenting himself knowingly and willfully for three and one half months while under order to surrender himself, the defendant has deliberately and intentionally waived his right to be present at sentencing, as well as his right to appeal." Accordingly, the Court imposed sentence that day: fifteen years on each of the two counts of the indictment, the terms to run concurrently, to be followed by a five year special parole term.

Defendant was apprehended on the fugitive warrant on November 10, 1981, in Miami, Florida. He now moves this Court pursuant to 28 U.S.C. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure to vacate or correct his sentence on the theory that it was illegal for this Court to sentence him *in absentia*. The government does not oppose the motion.

■ That a defendant may waive his right to be present at trial has long been settled. *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *see also, Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (fugitive defendant waives right to be present at trial); *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (disruptive defendant may waive right to be present at trial). The policy reasons underlying this rule are well summarized in *Government of the Virgin Islands v. Brown*, 507 F.2d 186, 189–90 (3rd Cir. 1975):

> We hold that … [defendant's] voluntary absence was a waiver of both his constitutional and statutory right to be present [at trial] …. A contrary rule, as suggested by defendant, runs counter to common sense and would be a travesty of justice. It would allow an accused at large upon bail to immobilize the commencement of a criminal trial and frus-

trate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience. It would permit a defendant to play cat and mouse with the prosecution to delay the trial in an effort to discourage the appearance of prosecution witnesses or to continue it in the event he finds the designated trial judge or jury venire disagreeable. A defendant has a right to his day in court, but he does not have the right unilaterally to select the date and hour. He may not distort that right to thwart the effective administration of justice.

■ On reflection, the Court has concluded that different policy considerations apply to sentencing, and that Rule 43 of the Federal Rules of Criminal Procedure must be read literally to say that a defendant's presence at sentencing may not be waived. Rule 43 states, in pertinent part:

(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) *Continued Presence Not Required.* The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial) . . . .

■ On its face, Rule 43 distinguishes between arraignment, plea, and imposition of sentence, on the one hand, and trial up to and including the return of the verdict, on the other hand. In the case of the former, the defendant's presence is required; in the case of the latter, presence may be waived.

■ Reasons support this distinction, at least with respect to sentencing. Once the trial has been concluded by the return of a verdict, the danger that a defendant's misconduct may immobilize or frustrate the justice system, to which part (b) of Rule 43 is addressed, has largely although not entirely disappeared. The appeal process would of course be delayed as well as a possible retrial, with the attendant risk of loss of witnesses and other evidence. Against these risks, however, must be weighed various other policy considerations on the bases of which the common law has traditionally required that the defendant be present at his sentencing. These considerations have been summarized as follows:

Presence is of instrumental value to the defendant for the exercise of other rights, such as to present mitigating evidence and challenge aggravating evidence, and it may also be advantageous to him that the decision maker be required to face him. The state may have an interest in the presence of the defendant in order that the example of personal admonition might deter others from similar crimes. Moreover, it may sometimes be important that the convicted man be called to account publicly for what he has done, not to be made an instrument of the general deterrent, but to acknowledge symbolically his personal responsibility for his acts and to receive personally the official expression of society's condemnation of his conduct. The ceremonial rendering of judgment may also contribute to the individual deterrent force of the sentence if the latter is accompanied by appropriate judicial comment on the defendant's crime.

However, there is an additional and perhaps more fundamental justification for the right to be personally present. Respect for the dignity of the individual is at the base of the right of a man to be present when society authoritatively proceeds to decide and announce whether it will deprive him of life or how and to what extent it will deprive him of liberty. It shows a lack of fundamental respect for the dignity of a man to sentence him *in absentia.* The presence of the defendant indicates that society has sufficient

confidence in the justness of its judgment to announce it in public to the convicted man himself. Presence thus enhances the legitimacy and acceptability of both sentence and conviction.

Note, *Procedural Due Process at Judicial Sentencing for Felony*, 81 Harv.L.Rev. 821, 831 (1968). *See also, United States v. Curtis*, 523 F.2d 1134, 1135 (D.C.Cir.1975). These important policy considerations, which are peculiar to sentencing, militate against a rule allowing presence at sentencing to be waived.

Although numerous dicta appear in the cases to the effect that presence cannot be waived by a defendant's voluntary absence,[1] the issue of whether a fugitive defendant waives presence has only once been squarely decided by a federal court. In *United States v. Brown*, 456 F.2d 1112 (5th Cir. 1972), *cert. denied*, 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 (1974), the Fifth Circuit held that the defendant must be present at his sentencing, that his fugitive status did not act as a waiver, and that sentence imposed in his absence was illegal. Commentators have interpreted Rule 43 similarly. *See, e.g.*, 8B Moore's Federal Practice ¶ 43.02[2], page 43-9. The only federal authority upholding a "waiver" of presence is *United States v. Boykin*, 222 F.Supp. 398 (D.Md.1963), in which it was held proper to impose sentence *in absentia* at the request of the seventy-eight year old defendant who was unable to attend court due to a serious heart condition. That case arose out of "extraordinary circumstances" not present here. *United States v. Brown, supra*, 456 F.2d at 1114.

The issue is not one of constitutional entitlement. If the question were whether the defendant by unlawful flight with knowledge of impending sentencing could waive his due process rights, the outcome of the analysis might well be different. *See,* e.g., *Byrd v. Hopper*, 537 F.2d 1303, 1304 (5th Cir. 1976), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 758, 50 L.Ed.2d 963 (1977). After review of the authorities the Court has concluded that by adopting the present wording of Rule 43, the Supreme Court and Congress intended to impose a mandatory requirement of presence at sentencing to serve certain policies and interests, which requirement may not be waived.[2]

Accordingly, defendant's motion to vacate the sentence heretofore imposed is granted. The undersigned hereby recuses himself from further proceedings and directs the Clerk of the Court to reassign this matter in accordance with the Court's assignment plan.

IT IS SO ORDERED.

---

1. *United States v. Curtis, supra*, 523 F.2d at 1135; *United States v. Leavitt*, 478 F.2d 1101, 1103 (1st Cir. 1973); *Cook v. United States*, 171 F.2d 567, 569 (1st Cir. 1948); *United States v. Persico*, 87 F.R.D. 156, 157 (E.D.N.Y.1980); *United States v. Hudson*, 313 F.Supp. 422, 426 (D.Del.1970).

2. Rule 43 affords greater protections than are required by the Constitution. *United States v. Brown*, 571 F.2d 980, 986 (6th Cir. 1978); *United States v. Persico, supra*, 87 F.R.D. at 157.