Derrick WINGATE, Petitioner,

v.

Charles SCULLY, Warden, Greenhaven Correctional Facility, Respondent.

No. 91 Civ. 1281 (MGC).

United States District Court,
S.D. New York.

May 29, 1991.

Lawrence A. Vogelman, Cardozo Criminal Law Clinic, New York City, for petitioner.

Robert Abrams, Atty. Gen., State of N.Y., and Robert Morgenthau, Dist. Atty., New York City, for respondent.

## MEMORANDUM OPINION

CEDARBAUM, District Judge.

Petitioner, a state prisoner who was sentenced while a fugitive, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that the Fourteenth Amendment to the United States Constitution requires a defendant's presence for the imposition of a valid sentence. The petition is dismissed for failure to state a claim of constitutional violation.

After a jury trial in the Supreme Court of New York County, petitioner was convicted on July 27, 1981 of criminal possession of a weapon in the third degree. Petitioner was present throughout his trial, and when the judge set September 14, 1981 as the date for sentence. Petitioner alleges that the judge did not specifically inform him that he had a right to be present at his sentencing. Approximately one month before he was scheduled to be sentenced, petitioner escaped from Riker's Island. On the sentencing date, petitioner failed to appear, and the court adjourned sentence and issued a bench warrant. By December 11, 1981, petitioner remained a fugitive. On that date, over the objection of petitioner's counsel, the court determined that petitioner had waived his right to be present. The court stated:

> I specifically find again that the defendant has knowingly, voluntarily, and deliberately absented himself from these proceedings; that indeed I take judicial notice of the fact that is known by every citizen of the City who read the newspapers that Mr. Wingate escaped from Riker's Island last summer or prior to the imposition of sentence in this case and that by such escape and by his continued absenting himself from these proceedings, he has intentionally, deliberately, and knowingly absented himself and accordingly has waived his right to grieve, he has waived whatever ability he might otherwise have had to make a presentation to his attorney that would have assisted his attorney over and above those record facts which are available to him and to all of us through the probation reports.

The court sentenced petitioner *in absentia* as a persistent violent felon, Penal Law § 70.08, to a term of imprisonment of fifteen years to life. On January 3, 1982, petitioner was apprehended, and is presently serving his sentence.

Petitioner appealed his conviction and sentence, and the Appellate Division affirmed without opinion. *People v. Wingate*, 100 A.D.2d 982, 984, 474 N.Y.S.2d 158 (1st Dept.1984). The Court of Appeals denied leave to appeal. *People v. Wingate*, 62 N.Y.2d 994, 479 N.Y.S.2d 1051, 468 N.E.2d 319 (1984). Petitioner moved to vacate the judgment in the New York State Supreme Court on May 6, 1986, and the motion was denied on September 4, 1986. On May 5, 1987, the Appellate Division, First Department denied petitioner's appeal from the Supreme Court's denial of the motion to vacate.

Petitioner argues that the due process clause of the Fourteenth Amendment prohibits sentencing *in absentia* unless the defendant has "voluntarily and deliberately" waived his right to be present, which may only be done expressly, as "by sworn affidavit or in open court for the record." Petitioner also argues that he could not have knowingly waived his right to be present at sentencing because the court did not inform him of that right.

Petitioner relies primarily on *United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir.1972), in which the Fifth Circuit held that sentencing a federal defendant *in absentia* violated Fed.R.Crim.P. 43. *Brown* was based solely on Fed.R.Crim.P. 43; the court did not consider the constitutional requirement of due process of law. Indeed, the Fifth Circuit has held that sentencing a state defendant *in absentia* does not violate due process where the defendant fails to appear for sentencing and state law permits voluntary absence to operate as a waiver of the right to be present during sentencing. *Byrd v. Hopper*, 537 F.2d 1303 (5th Cir.1976), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 758, 50 L.Ed.2d 763 (1977). In *Byrd*, the court stated that *Brown* "is inapplicable" to a state prisoner's due process challenge to a sentence *in absentia* because *Brown* was based solely on Rule 43. *Id.*, at 1305, n. 3. Petitioner's attorneys ignore *Byrd v. Hopper* and the cases that follow it.

*Byrd v. Hopper* has been followed in this district, *Smith v. Kelly*, 664 F.Supp. 131, 135 (S.D.N.Y.1987), and in the New York state courts, *see, e.g., Root v. Kapelman*, 67 A.D.2d 131, 414 N.Y.S.2d 707, 710 (1st Dept.), *leave to appeal denied*, 47 N.Y.2d 706, 417 N.Y.S.2d 1026, 391 N.E.2d 305 (1979); *People v. Carson*, 104 Misc.2d 281, 428 N.Y.S.2d 123 (Crim.Ct.Brx.Cty.1979) (citing cases).

The New York Court of Appeals has held:

> Any right defendant may have had to be present at sentencing can be waived or lost as a matter of public policy when the evidence unambiguously indicates "a defiance of the processes of law sufficient to effect a forfeiture." Just as a defendant forfeits any right to be present at sentencing by absconding during trial, so for the same policy reasons does a defendant lose that right by absconding to frustrate scheduled proceedings before the Trial Judge in connection with sentencing.

*People v. Corley*, 67 N.Y.2d 105, 109–10, 500 N.Y.S.2d 633, 634–35, 491 N.E.2d 1090 (1986) (citations omitted) (quoting *People v. Sanchez*, 65 N.Y.2d 436, 444, 492 N.Y.S.2d 577, 482 N.E.2d 56 (1985)). In this case, the state sentencing court found that petitioner had waived his right to be present by absconding and deliberately failing to appear for sentence. The fact that the court did not instruct petitioner expressly that he had a right to be present at sentencing does not invalidate that finding or the sentence based on it. *Cf. Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (rejecting argument that petitioner who absconded after attending opening session of trial could not knowingly have waived his right under Fed.R. Crim.P. 43 to be present at trial unless he had been expressly informed of that *right*).

Accordingly, the petition is dismissed because it plainly appears from the face of the petition and the affidavit annexed to it

that the petitioner has not stated a claim of constitutional violation.

SO ORDERED.