**UNITED STATES,**

v.

**Frank John DePRIMA, Jr. Defendant.**

**Criminal No. 85–28–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 5, 1996.

Laura Everhart, United States Attorney's Office, Norfolk, VA, for United States.

Richard G. Brydges, Virginia Beach, VA, Charles F. Griffin, New Orleans, LA, Michael Salasky, Norfolk, VA, Frank A. Rubino, Miami, FL, for Defendant.

### SUPPLEMENTAL ORDER

CLARKE, District Judge.

This matter came before the Court for the sentencing of the Defendant, Frank John DePrima, *in absentia.* On February 27, 1985, the Defendant was indicted on several counts related to the distribution of marijuana. The Defendant's trial began on May 22,

1985. He was present for the first three days of trial, but failed to appear on May 28, 1985 and May 29, 1985. He was convicted in his absence on four counts of the indictment. He has been a fugitive since that time and had not been sentenced.

On January 12, 1996, the United States filed a motion requesting the Court to set a sentencing date pursuant to newly revised Rule 43(b) of the Federal Rules of Criminal Procedure.[1] The Court set a sentencing date for March 1, 1996. On February 29, 1996, the Defendant, through his attorneys, filed a Motion to Stay the Sentencing Hearing. This motion was based on two claims: (1) that the new rule was not meant to apply retroactively to defendants whose trials had already commenced prior to the rule's passage; and (2) that application of Rule 43(b) to Defendant would violate the *ex post facto* clause. U.S. Const. Art. I, § 9, cl. 3.

On March 1, 1996, the Court heard arguments from the United States and the Defendant as to whether or not sentencing should proceed. For the reasons set forth from the bench as supplemented by the Court's rationale as set forth more fully below, the Court **DENIED** Defendant's Motion to Stay Sentencing and imposed a sentence on the Defendant.

## I. Analysis

Newly revised Rule 43(b) provides that:

[t]he further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial ... is voluntarily absent after the trial has commenced.

Fed.R.Crim.P. 43(b) (emphasis added). The emphasized clause was the newest amendment to the Rule. The changes in this rule were "intended to remedy the situation where a defendant voluntarily flees before sentence is imposed. Without the amendment, it is doubtful that a court could sen-

tence a defendant who had been present during the entire trial but flees before sentencing." *Id.*, advisory committee notes. Prior to this change in the Rule, most courts had held that a defendant had to be present at his sentencing hearing. *United States v. Strusberg–Gonzalez*, 626 F.Supp. 899, 901 (D.Md.1986); *see also United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir.1972) (absent extraordinary circumstances and with safeguards, such as express waiver, defendant must be present); *Cook v. United States*, 171 F.2d 567 (1st Cir.1948) (defendant accused of felony cannot waive his right to be present at sentencing), *cert. denied*, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949); *United States v. Boykin*, 222 F.Supp. 398 (D.Md.1963) (express written waiver okay where defendant in hospital with a heart condition and cannot be moved).

### A. Proper Construction of Rule 43(b)

■ The language of the revised rule does not specifically address the retroactivity issue. However, when the changed rule was transmitted to Congress by Chief Justice Rehnquist, it was submitted with the following statement: "[t]hat the foregoing amendments ... shall govern all proceedings in criminal cases thereafter commenced and, **insofar as just and practicable, all proceedings in criminal cases then pending.**" H.Doc. No. 104–65 (emphasis added).[2] Thus, according to this annotation, the new rule can be applied in the present sentencing, as it is still a "pending case" in this Court, if the Court finds it to be "just and practicable" to apply it retroactively.

According to the AUSA, the United States Attorney's Office had been contacted a number of times over the past five years by the Defendant's attorneys, who were interested in making a deal with the AUSA for the Defendant. Apparently, the Defendant was willing to turn himself in if the United States was willing to make various concessions as to his sentence. No agreement was reached between the Defendant and the United

---

1. The rule was effective December 1, 1995.

2. This language is generally sent with rule changes. Communication from Paul Zingg, Attorney for the Administrative Office of the United

States Courts (February 29, 1996). It is the same language used when the current rules were submitted in 1945. *See* Fed.Rule Crim.P. 59.

States. However, it is obvious from these communications between the Defendant and his attorneys that he is aware that he has been convicted and that sentencing was pending. In addition, the advisory notes point out that one of the reasons for the revision to Rule 43(b) was to prevent sentencing from being conducted so far into the future as to make it difficult to gather evidence to formulate a guideline sentence. Fed.R.Crim.P. 43(b), advisory committee notes. At this point, over ten years after the trial, the presentence report does not contain as much information on the Defendant and the case as is generally included. If the sentencing is put off even longer, even less evidence may be able to be gathered and fewer witnesses may be available, making sentencing even more difficult. Thus, for the foregoing reasons and the reasons set forth from the bench, the Court **FOUND** that it was just and practicable to sentence Defendant.

## B. Ex post facto issue

■ Although the Federal Rules of Criminal Procedure are rarely found to be in violation of the *ex post facto* clause, rules such as these may be subject to the clause. *See United States v. Mest,* 789 F.2d 1069 (4th Cir.) (holding that a change in the Federal Rules of Evidence which was procedural in nature does not violate the *ex post facto* clause), *cert. denied,* 479 U.S. 846, 107 S.Ct. 163, 93 L.Ed.2d 102 (1986); *United States v. Alexander,* 805 F.2d 1458 (11th Cir.1986) (holding that new Rule 704(b) of the Federal Rules of Evidence does not violate the *ex post facto clause* ).

When the *ex post facto* clause is raised in reference to sentencing issues, the basic question is whether the new rule has retroactively "increas[ed] the punishment for criminal acts." *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Thus, in this case, the issue is whether sen-

tencing DePrima *in absentia* is an increase in punishment. The test which the Supreme Court has formulated for determining whether a criminal law violates the *ex post facto* clause has two parts: (1) the law must be retrospective, applying to acts occurring before the new law's enactment and changing the legal consequences of those acts, and (2) it must act to the disadvantage of the defendant. *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). In addition, the Court has also held that where the change "does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance,'" there is no *ex post facto* violation. *Id.* at 430, 107 S.Ct. at 2451 (quoting *Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977)). Labeling a change procedural, however, does not necessarily "immunize it from scrutiny under the *ex post facto* clause." *Collins,* 497 U.S. at 46, 110 S.Ct. at 2721.[3]

The Court first looks at whether the rule is merely procedural because it finds that, in this case, this issue is dispositive. The Supreme Court has stated that if a change is merely procedural, in other words, "not increas[ing] the punishment, nor chang[ing] the ingredients of the offense or the ultimate facts necessary to establish guilt," the *ex post facto* clause is not be implicated. *Miller,* 482 U.S. at 433, 107 S.Ct. at 2452–53 (quoting *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)). In *Collins,* the Supreme Court attempted to more thoroughly explain the difference between procedural and substantive changes. 497 U.S. 37, 110 S.Ct. 2715 (1990). The Court overturned two previous cases, which it said were based on language which was too expansive. *Id.* at 50–52, 110 S.Ct. at 2723–24. The Court stated that changes which merely "alter the situation of a party to his disadvantage" are not enough to constitute an *ex post facto* violation. *Id.* at 50, 110 S.Ct. at 2723 (overruling

---

**3.** One reason for the lack of case law addressing the applicability of the *ex post facto* clause to the Federal Rules of Criminal Procedure may be due to the fact that most changes are procedural by their very nature and thus the *ex post facto* clause would not apply to them. However, this is not the end of the inquiry because the Supreme

Court has stated that "a change in law that alters a substantial right can be in violation of the *ex post facto* clause 'even if the statute takes a seemingly procedural form.'" *Miller,* 482 U.S. at 433, 107 S.Ct. at 2453 (quoting *Weaver v. Graham,* 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981)).

*Kring v. Missouri,* 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883)). The Court also stated that the right to a jury trial, a "substantial" Sixth and Fourteenth Amendment right, is not a right which is protected by the *ex post facto* clause because it does not have to do with "the definitions of crimes, defenses, or punishments." *Id.* at 51, 110 S.Ct. at 2724 (discussing *Thompson v. Utah,* 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898)).

In applying the Supreme Court's rationale to the case at bar, the Court **FINDS** that the Rule 43(b) revision is a change in procedure only. Even though the right of a defendant to be present at his hearing is a "substantial" right, and even though using the revised rule here may potentially "alter the situation of the defendant to his disadvantage," [4] as in *Collins,* the rule change itself has not actually changed the "definition of the punishment" that the Defendant is subject to at the sentencing hearing. His absence does not change the length of time he can be sentenced. Thus, the Court **FINDS** that because Rule 43(b) is a procedural rule, sentencing him *in absentia* would not violate the *ex post facto* clause.

## II. Conclusion

Accordingly, for the reasons stated from the bench as supplemented by this Order, the Defendants' Motion to Stay Sentencing is **DENIED** and the sentence imposed by this Court on March 1, 1996, was correctly imposed.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

---

**4.** DePrima's attorney has argued that sentencing Defendant in his absence would affect him in the following ways: (1) it would prevent him from participating in the sentencing hearing, (2) it would prevent him from conferring with counsel and producing evidence in his behalf, and (3) it would deprive him of the opportunity to present mitigating circumstances in his behalf. Def.'s Mot. at 2. The Court does not decide whether or not these possibilities are "disadvantages," and if so, to what extent they are "disadvantageous."