*846 OPINION OF THE COURT
Norman J. Felig, J.
The issue before the court is whether the trial can commence in the absence of the defendant.
The defendant was indicted for the crime of murder in the second degree. He had been held on bail but was released on parole when the People failed to give him a speedy trial.
On November 29, 1978 both sides stated they were ready for trial. It was agreed that the case would be put on two days later, Friday, December 1, because defense counsel was actually engaged in another Trial Part. The parties were told that a Wade hearing would commence on Friday, to be followed by jury selection on Monday, December 4. The defendant was present and advised to appear Friday morning. On Friday, December 1, the defendant did not appear. Defense counsel and the District Attorney’s office attempted to locate him with no success. A hearing was held for the purpose of taking testimony as to the efforts the People had made in attempting to locate the defendant. The People’s witnesses, a detective and investigator, testified they had no success. The People rested on the efforts that had been made and moved the case to trial.
CPL 260.20 provides that "[a] defendant must be personally present during the trial of an indictment”. This right is embodied in the New York State and Federal Constitutions (US Const, 6th Amdt; NY Const, art I, § 6) and gives a defendant the right to be present at every stage of his trial. This constitutional and statutory privilege has been interpreted by the Court of Appeals to include a defendant’s presence at suppression hearings (People v Anderson, 16 NY2d 282; see People v Huggler, 50 AD2d 471).
Early New York cases reflected the common-law position that a defendant’s presence at his trial was absolute and could not be waived (Maurer v People, 43 NY 1; Stephens v People, 19 NY 549). However, this view has changed. The Supreme Court now holds that "[l]ike any constitutional guarantee, the defendant’s right to be present at trial may be waived, Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934), even if that waiver is implied from the defendant’s conduct, Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Supreme Court had long ago held that a defendant who knowingly absents himself from the court *847 room during trial 'leaves the court free to proceed with trial in like manner and with like effect as if he were present.’ Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct., 250, 254, 56 L.Ed. 500 (1912).” (United States v Santoro, 464 F2d 1202, 1208, cert den 409 US 1063.) The modern view of our Court of Appeals is analagous to the Supreme Court’s position (People v Epps, 37 NY2d 343, cert den 423 US 999; People v La Barbera, 274 NY 339).
It must be pointed out, however, that a defendant’s absence alone, does not waive his right to be present. "The key issue is whether [he] knowingly, voluntarily and intelligently relinquished this known right. Johnson v Zerbst, 304 US 458, 464.” (People v Epps, supra, p 350.)
There have been several decisions handed down by the New York courts where the trial proceeded in the defendant’s absence when he was found to have knowingly and voluntarily waived his right to be present. For instance, the court in People v Aiken, (45 NY2d 394) chose to proceed when the defendant absented himself on the second day of trial after nine jurors had been sworn. In People v Epps (supra), the defendant was in custody but refused to appear during parts of the trial although he had been warned by the court that he would be tried "in absentia”. In People v Hicks (90 Misc 2d 609) the case had been moved for trial and the defendant absented himself after the Wade hearing, which was to be followed by jury selection, had commenced.
The issue in this case, however, appears to be one of first impression in this State. Although the case was not yet moved for trial, on November 29 both sides answered "ready” and the case was marked "ready and passed” to December 1. This court must address itself to the more specific issue of whether it is material that the case was not actually moved for trial. Can a defendant be deemed to have voluntarily and knowingly waived his right to a trial where no jury panel has been sent for and no evidentiary hearing has commenced but a firm date has been fixed for a hearing to be followed immediately by a trial?
The defense argues that we would be going far beyond the law set forth if we hold that the defendant was compelled to stand trial at this juncture. The District Attorney states that one of the reasons the defendant was released on parole was the inability of the People to proceed to trial because of the difficulty in securing the attendance of the eyewitness. Realiz *848 ing the witness was prepared to testify, the defendant absconded.
The issue in United States v Santoro (464 F2d 1202, supra) is strikingly similar. A firm trial date had been fixed but the trial had not commenced when the defendant failed to appear. Santoro combined two cases. The defendants had been indicted for violations of the Federal Extortion and Credit Statutes. There were problems in getting all of the attorneys together to agree upon a trial date. In April of 1971, the Judge set the date of August 10 for trial. On that date Santoro was not present. The facts disclosed that as of the night before they were to go to trial, Santoro knew he had to be there. He called his attorney about arranging a ride to court. There was no satisfactory reason that could be given for his failure to appear on the trial date. The court stated that "[although to date, with the exception of the court of one state [citation omitted] waiver has been found only if the defendant was present at least as late in the proceedings as the empanelment of the jury, we see no reason for a different result when the defendant absents himself, under the specific circumstances outlined herein, before the jury has been selected.” (464 F2d 1202, 1208, supra.)
The court found that Santoro’s failure to appear was a willful failure and that by so doing, he had waived his constitutional right to be present throughout the trial. The court held that because Santoro had voluntarily and knowingly absented himself from the trial there was no reason not to continue the case with him as the defendant. The case proceeded without the defendant Santoro’s presence but the court pointed out (p 1210) that: "We do not here lay down a general rule that, in every case in. which the defendant is voluntarily absent at the empanelment of the jury and the taking of evidence, the trial judge should proceed with the trial. We only hold that this is within the discretion of the trial judge, to be utilized only in circumstances as extraordinary as those before us. Indeed, we would add that this discretion should be exercised only when the public interest clearly outweighs that of the voluntarily absent defendant. Whether the trial will proceed will depend upon the trial judge’s determination of a complex of issues” (Santoro, supra, p 1210):
(1) "He must weigh the likelihood that the trial could soon take place with the defendant present”
There is no question about that in our case. Both sides were *849 ready to proceed to trial. If the defendant were present, there is no question that the trial would take place.
(2) "[T]he difficulty of rescheduling, particularly in multiple-defendant trials”
This is not a multiple-defendant trial, but there would be difficulty in rescheduling since the only eyewitness that the People have resides out of New York State, and if he were to return to his home in Puerto Rico, there is no guarantee that the People could secure his presence again as a witness in this trial.
(3) "[T]he burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping”
We do not have that situation in this case, but two of the three standards suggested by the Circuit Court of Appeals are met. The case at bar is a murder case, and it is in the public interest that a case of this nature should proceed to trial without undue delay.
Parenthetically, this court would like to note that while Santoro is a Circuit Court of Appeals case and not binding on the State courts, nevertheless, the United Stated Supreme Court had denied certiorari which would be tantamount to a finding by the court that there was no issue for them to hear.
The facts in the case at bar disclose that the defendant was present at all times the case was on the calendar. The adjournment of the case from Wednesday, November 29, to Friday, December 1, was in his presence and there was no indication that he was in any way confused as to when he was to appear in court.
The court can infer from the defendant’s failure to appear on Friday morning, based upon the history of this case, that this was a willful failure. The case had been marked final against the People in that if they did not answer "ready” on November 27 the case would be dismissed on the defendant’s speedy trial motion.
The reason that the People had not been able to proceed to trial was that the only eyewitness, who was the basis for the prosecution of this case was not within the territorial jurisdiction of New York State; in fact, he was in Puerto Rico, his whereabouts had to be located and arrangements had to be made to bring him here.
*850 It would appear then that the defendant did not believe the People were going to be able to secure the presence of that witness. On Wednesday morning, November 29, the People surprisingly announced that the witness was not only available, but was already in New York, and that they were opposed to any further adjournments, because they brought the witness here at great expense. At that point, the defendant knew what he faced. There was a witness ready and willing and able, and now the case could proceed to trial. The motion to dismiss for failure to grant him a speedy trial was denied, the case was marked ready and adjourned to Friday at defense counsel’s request. On Friday, the defendant did not appear.
Therefore, based on the facts of this case this court concluded that the defendant knowingly, voluntarily and intelligently waived his right to be present at his trial, and proceeded in his absence (cf. United States v Santoro, 464 F2d 1202, supra).