OPINION OF THE COURT
Norman J. Felig, J.
Defendant, charged with the crimes of reckless endangerment in the first degree, attempted arson in the third degree, and petit larceny brought this omnibus motion, which was returnable April 30, 1979, almost one year after the statutory period to make pretrial motions had lapsed.
The defendant allegedly attempted to damage a building occupied by about 75 people by starting a fire on August 12, 1977. He was arrested that same day and arraigned in criminal court on August 14. Bail was set at $3,500. On August 15, a preliminary hearing took place and the case was held for action by the Grand Jury. The defendant was released pursuant to a writ of habeas corpus on August 19. On September 15, 1977 an indictment was filed. Arraignment on the indictment was adjourned from September 20 to September 28 because defendant was not produced by the Department of Correction. On September 28, the defendant, who had been released on his own recognizance, failed to appear. Parole was *845 revoked, and a bench warrant stayed until October 4. When the defendant again failed to appear on October 4, the bench warrant was issued. On March 23, 1978 the defendant was produced on the warrant. Arraignment was adjourned to the next day for fingerprints. Following two subsequent adjournments (March 24 and 27), due to the defendant’s illness, arraignment took place on March 29. On April 6 the motion to reduce bail to $2,500 bond or $500 cash was granted in Special Term, Part 10. The case was conferenced in Part IA on April 10. There being no disposition, the case was assigned to Trial Term, Part 16, and adjourned to April 18. On April 18, the defendant was paroled and the case adjourned to May 8, on consent. On May 8 the defendant failed to appear. Due to an administrative mixup, a bench warrant did not issue until July 26, 1978. The defendant was produced April 10, 1979. Bail was set at $3,500 and the case adjourned to April 30.
CPL 255.20 (subd 1) provides that all pretrial motions are to be made within 45 days after arraignment.
The defense attorney brings this omnibus motion 13 months after defendant’s arraignment, contending that the period the defendant was a fugitive from justice tolled the running of the statute.
This court cannot agree. Although the court may grant additional time to a defendant to make his pretrial motions under certain circumstances, none are applicable in this case. The court may grant additional time upon application of the defendant (CPL 255.20, subd 1). The court must entertain a motion made after the 45-day period if based upon grounds which the defendant could not, with due diligence, have raised within the specified period (CPL 255.20, subd 3). In the interests of justice the court may in its discretion, upon good cause shown, entertain and dispose of a motion on the merits made after the 45-day period (CPL 255.20, subd 3).
There has been no showing of good cause for the delay in this case. In addition, such an extensive delay can be deemed prejudicial to the People. This case has been pending since August 12, 1977.
Two different lines of reasoning can be followed in a case such as this: (1) That the defendant waived his right to make any motions by absconding, or (2) that the Statute of Limitations, with respect to making pretrial motions, continued to run during the period the defendant was a fugitive and *846 therefore timely motions should have been made by defense counsel in defendant’s absence.
The court in People v "Hayes” (92 Misc 2d 35) followed the first line of reasoning stated above in holding that the defendant’s absence waived his right to make motions. The court found the only appropriate action to be dismissal of the motion with prejudice after the defendant jumped bail prior to the disposition of the pretrial motion. This line of reasoning was based on the rationale of several Appellate Division proceedings which were dismissed when the defendant became a fugitive from justice on the grounds that the absent appellant would be unavailable to obey the appellate court’s mandate or judgment and that by his conduct the litigant had forfeited or abandoned his right to appellate review (People v "Hayes”, supra, p 37, citing Matter of James H., 36 NY2d 794; People v Del Rio, 14 NY2d 165, cert den 379 US 939; People v Genet, 59 NY 80; Molinaro v New Jersey, 396 US 365; Estelle v Dorrough, 420 US 534, reh den 421 US 921; United States v Sperling, 506 F2d 1323, 1345, n 33).
That these motions have been barred by the Statute of Limitations follows the line of reasoning taken in cases where the trial proceeds in the absence of the defendant or where sentencing is pronounced in the defendant’s absence.*
The defendant waived his right to be present at the time his pretrial motions were to be made. The defendant’s absence, notwithstanding, his attorney could have made the motions during the statutory period or requested additional time to do so. Effective assistance of counsel was still possible. (Matter of Root v Kapelman, 67 AD2d 131.)
In an analogous case, People v Selby (53 AD2d 878, affd 43 NY2d 791), the Appellate Division found that the trial court was free to submit the issue of voluntariness of defendant’s confession to the jury without first conducting a hearing. The court held that the defendant waived his right to a pretrial Huntley hearing on the basis that he neglected to first make a motion on this ground. Like the defendant in Selby, who *847 waived his right to a hearing by not making a timely motion, the defendant in the case at bar waived his right to make motions by absconding. The period he was a fugitive from justice did not toll the statutory period within which pretrial motions must be made.
In People v Solomon (91 Misc 2d 760) the defendant was permitted to file his pretrial motions after the 45-day period had lapsed. However, that case is distinguishable. Although there were no grounds which justified the untimely motion, the Judge found some evidence in the court file that indicated another Judge of the court granted leave to submit the motion papers. Based on this evidence, the Judge felt he had no choice but to allow the submission of the motions.
There is no lack of fairness in not allowing the defendant to make his omnibus motion at this late date, good cause for its late filing having not been shown. The key issue in all cases which proceed in the absence of the defendant, is whether he knowingly, voluntarily and intelligently relinquished his right to be present (People v Epps, 37 NY2d 343, 350, cert den 423 US 999, citing Johnson v Zerbst, 304 US 458, 464). There can be no question of the defendant’s intentional and deliberate absence in the case at bar — he absconded not once, but twice. Under all of the attendant circumstances the court will not entertain the defendant’s omnibus motion at this late date, except for that branch of the motion which seeks an inspection of the Grand Jury minutes and a dismissal of the indictment on the ground of the legal insufficiency of the evidence adduced before the Grand Jury, which has been heretofore decided.

 It is now quite clear that a defendant’s constitutional and statutory right (US Const, 6th Amdt; NY Const, art I, § 6; CPL 260.20) to be present at his trial is waivable by voluntary absence. (Diaz v United States, 223 US 442, 455; People v Epps, 37 NY2d 343, 349, cert den 423 US 999; People v Thomas, 97 Misc 2d 845.) It has also been held that the statutory provision (CPL 380.40, subd 1) that a defendant must be personally present at the time sentence is imposed is waivable (People v Stroman, 36 NY2d 939, 940; Matter of Root v Kapelman, 67 AD2d 131).