OPINION OF THE COURT
Jerome M. Becker, J.
On July 2, 1979, the defendant, Denise Carson, pleaded guilty to a violation of section 155.25 of the Penal Law, petit larceny, a class A misdemeanor. The defendant was allowed to remain at liberty pending a presentencing investigation. This court informed the defendant that if she failed to appear on the day of sentencing, the court would sentence her to a maximum sentence. The case was then adjourned to August 6, 1979 for sentencing.
*282 On August 6, 1979, the date set for sentencing, the defendant failed to appear in court. The District Attorney moved to sentence the defendant in absentia. Defense counsel objected on the ground that the defendant had not waived her right to be present at sentencing and requested that a Bench warrant be issued in order that the defendant be present for sentencing. This court stated that as a prerequisite to entertaining the District Attorney’s application to sentence the defendant in absentia, the District Attorney would have to demonstrate a good faith effort to locate the defendant. The case was then adjourned to August 10.
On August 10, 1979 the defendant was again absent. Defense counsel made an application to remove himself from the proceeding in the event the court was going to grant the application of the District Attorney to sentence the defendant in absentia. This court denied counsel’s application. Detective Martinez, a member of the District Attorney’s detective squad was present in court pursuant to the August 6 directive of this court that the District Attorney demonstrate a good faith effort to locate the defendant.
Detective Martinez was duly sworn and the court made inquiry as to his efforts to locate the defendant. Upon examination, Detective Martinez testified that pursuant to the investigation to locate the defendant, he had contacted the Bureau of Criminal Identification, the Bronx Warrant Squad, the Central Warrant Office, the Missing Persons Bureau, the F.B.I. prisoner list, the Bronx House of Detention, Hikers Island Correctional Facility, the Department of Legal Affairs, the departments of correction for all counties in New York State, the medical examiners office and the city morgue. None of those agencies had any record of the defendant nor any information as to the defendant’s whereabouts. The detective further testified that the medical examiner’s office had no information that the defendant had been admitted to any hospital. Detective Martinez contacted the Department of Social Services and was informed by the defendant’s caseworker that he had not seen the defendant since August of 1978. The detective contacted acquaintances of Ms. Carson and neighbors at her last known address. These inquiries similarly provided no information as to the defendant’s location.
This court added that previous inquiry of defendant’s drug counselor revealed that the defendant had not been seen since *283 her last court date of July 2, 1979. Counsel for the defendant stated that he had had no communication with the defendant since July 2.
This court after finding that the office of the District Attorney had made a good faith effort to locate the defendant and that the defendant had voluntarily absented herself from the forum, sentenced the defendant in absentia.
THE LAW
The relevant section of the CPL is section 380.40. Subdivision 1 provides that in general the defendant must be personally present at the time sentence is pronounced. Subdivision 2 sets out an exception to the above-stated general rule: "Where sentence is to be pronounced for a misdemeanor or for a petty offense, the court may, on motion of the defendant, dispense with the requirement that the defendant be personally present. Any such motion must be accompanied by a waiver, signed and acknowledged by the defendant, reciting the maximum sentence that may be imposed for the offense and stating that the defendant waives the right to be personally present at the time sentence is pronounced.”
The governing New York law uniformly supports the position that an absconding defendant may be sentenced in absentia. In People v Stroman (36 NY2d 939, 940), the Court of Appeals stated unequivocally that while "CPL 380.40 (subd 1) provides that 'the defendant must be personally present at the time the sentence is pronounced’ in a felony case, the provision thereof may certainly be waived by a defendant”. The example of waiver cited there by the court was by obstreperous conduct. (See, also, Illinois v Allen, 397 US 337; People v Epps, 37 NY2d 343; People ex rel. Lupo v Fay, 13 NY2d 253, cert den 376 US 958.)
Waiver to be present at sentencing can also be effected by a defendant who deliberately absents himself from the proceedings. (People v Brock, 48 AD2d 790.) It is well settled that where an offense is not capital and where the accused is not in custody, that if after the trial has begun in his presence he deliberately absents himself, his actions do not nullify what has been done or prevent the completion of the trial, but on the contrary act as a waiver of his right to be present (see Diaz v United States, 223 US 442; People v La Barbera, 274 NY 339; People v Colon, 66 Misc 2d 956). In People v Brock (supra), according to the brief filed by the Legal Aid Society in *284 that case, the lower court there ruled that the defendant had deliberately absented himself from the court and thereby waived his right to be present at every stage of the proceeding. This court upheld the sentencing in absentia, concluding that his absconding "was an effective waiver of defendant’s right to be present during the trial and at sentencing.” (People v Brock, supra, p 790.)
The lower court opinions are directly on point, supporting the position that a defendant who absconds may be sentenced in absentia. In People v Colon (supra, p 961), the court held that a defendant waives his right to be present at sentencing by absconding, because "by his own wrong he has forfeited all right to question the judgement in any character of proceedings because entered in his willful absence.” To the same effect is People v Cordero (Supreme Ct, Bronx County, Dec. 11, 1978), a decision by Justice Harold Silberman of the Supreme Court of Bronx County.
Other jurisdictions have also held that the voluntary absence of a defendant at sentencing waives his right to be present. (See, e.g., Byrd v Ricketts, 233 Ga 779, cert den 422 US 1011; People v Rife, 18 Ill App 3d 602; State v Kelly, 213 Kan 237; People v White, 18 Cal App 3d 44.)
The right to be present at sentence is not constitutionally required. Where the State courts, as New York, have construed State law to permit voluntary absence as a waiver of the right to be present at sentencing, due process is not violated. (Byrd v Hopper, 537 F2d 1303, 1305, n 3.)
The strongest authority for sentencing in absentia is the recent decision by the Appellate Division, First Department, in which the court unanimously held that the defendant’s fleeing from the jurisdiction constituted a waiver of his right to be present at sentencing (Matter of Root v Kapelman, 67 AD2d 131). At the same time the court laid down guidelines for the disposition of similar cases. Justice Sullivan speaking for the unanimous court stated that (supra, p 136) "while it is now axiomatic that a defendant may waive his right to be present, there must be a finding of waiver before he is sentenced in absentia * * * [I]t will be the People’s burden to show a waiver. In this case the test is whether the defendant has voluntarily absented himself from the proceedings * * * Of course, the mere fact of absence may lend itself to the inference of waiver. Whether a hearing is necessary in such cases, and, if it is, the nature and quality of proof which would *285 be required, will vary from case to case, and are matters best left to the discretion of the sentencing court.”
The court further held that the defendant’s absence alone did not constitute a waiver of the fundamental Sixth Amendment right to effective assistance of counsel. The court found that "the original attorney * * * is best equipped to represent the absent defendant and applications to be relieved should be granted only for legal cause.” (Matter of Root v Kapelman, supra, p 138; italics supplied.)
ISSUE
Whether a defendant who has pleaded guilty to a misdemeanor waives her right to be present at sentencing when after being advised that she would be sentenced to a maximum sentence if she failed to appear, she voluntarily absents herself from the forum on the date set for sentencing.
CONCLUSION
Although CPL 380.40 (subd 2) requires a motion and a signed acknowledged waiver by a criminal defendant who wishes to waive his right to be present at the time sentence is pronounced for a misdemeanor conviction, this court is not persuaded that waiver can only be accomplished by this method.
CPL 380.40 (subd 1) specifies that the defendant must be personally present at the time sentence is pronounced. Subdivision 2 then sets out an exception to this broad rule for sentencing, upon misdemeanor and petty offenses. There is, therefore, no statutory provision which provides for a waiver of the defendant’s presence at the time of sentencing upon a felony conviction. Nevertheless, it is clear that the Court of Appeals has consistently held that a defendant may waive his right to be present at the time of sentencing upon a felony, notwithstanding the lack of statutory authority.
CPL 380.40 (subd 2) conversely, expressly articulates the concept of waiver of the defendant’s presence at the time of sentencing for misdemeanors and petty offenses.
Reason and common sense dictate that the waiver doctrine annunciated by the Court of Appeals and the Appellate Division in Root for felony cases, a concept without legislative basis, should be applied to misdemeanor cases, a principle with express legislative foundation.
*286 This court believes that the same logic should apply both in felony and misdemeanor cases and can conceive of no rational reason for disparate treatment.
The contrary conclusion would create an anomalous situation which would permit the sentencing of a defendant who has absconded during trial, but not a defendant who absconds after entering a plea of guilty. Commenting on this situation in Root, Justice Sullivan states that (67 AD2d, p 136, supra) "Neither logic nor law justifies such a distinction.” Indeed, there is no meaningful difference between the two situations. The Court of Appeals in the Stroman decision (36 NY2d 939, supra) did not see fit to make such a distinction when it had every opportunity to do so.
This court finds that the Appellate Division intended to provide the sentencing court with an opportunity to sentence those people who refuse to appear in court at the time set for sentencing without regard to whether they plead to or were convicted of felonies or misdemeanors. This court is satisfied that the law enunciated in Matter of Root v Kapelman (67 AD2d 131, supra) is applicable to misdemeanor cases.
This court holds that the People satisfied their burden of showing waiver by the defendant. The People produced Detective Martinez in court and he testified to his numerous, nearly exhaustive attempts to locate the defendant without success. This court finds that the defendant voluntarily absented herself from these proceedings. In addition, the court finds that defendant’s absence on the court date set for sentencing lends itself to an inference of waiver. As pointed out in Matter of Root v Kapelman (supra), the nature and quality of proof required to prove waiver are discretionary with the sentencing court. The testimony of Detective Martinez and the inference drawn from defendant’s absence satisfy the People’s burden in the instant case.
Finally, this court adopts the reasoning of the Appellate Division with respect to defense counsel’s request to remove himself from the proceedings.
Accordingly, the People’s motion to sentence defendant in absentia is granted and defense counsel’s motion to remove himself from the proceedings is denied.