In the Matter of CALVIN WHITLEY, Petitioner, v LOUIS A. CIOFFI, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, April 22, 1980

### APPEARANCES OF COUNSEL

*Hermena Perlmutter* for petitioner.

*Eugene A. Cordaro* of counsel *(Mario Merola, District Attorney, pro se,* attorney), for Bronx County District Attorney, respondent.

### OPINION OF THE COURT

FEIN, J.

Petitioner was indicted on February 22, 1979, on five counts of criminal possession of a controlled substance in the third and eighth degrees, stemming from the sale of heroin to an undercover policeman. After arraignment he was released on parole pending trial.

The action was calendared for jury trial in May, 1979. On January 11, 1980, it was marked ready and passed for trial by respondent Cioffi in petitioner's presence, and adjourned to January 17. On the adjourned date Justice Cioffi advised petitioner and an associate of his counsel that the trial was to commence forthwith. The People consented to a hearing on a motion to suppress physical evidence to proceed prior to the trial. The action was adjourned to the following day for convenience of petitioner's counsel.

On January 18 petitioner and his counsel appeared in Trial Term, Part 24, Supreme Court, Bronx County, and answered affirmatively to the court's question as to whether they were ready to proceed. So far as appears from the transcript, neither the word "trial" nor the word "hearing" was uttered.

Although standing alone, this brief colloquy might be subject to interpretation, it is clear, in the context of the events leading up to January 18, that the parties were ready for trial and had made this known and understood. The pretrial hearing was then commenced, and continued in the presence of petitioner and counsel until the following Monday, January 21.

When petitioner failed to appear on January 21, a bench warrant was prepared but held in abeyance for 24 hours to give petitioner's attorney an opportunity to locate and produce him in court. When petitioner again failed to appear on January 22, the bench warrant was issued and the hearing was continued and concluded that day in petitioner's absence. After submission of briefs, the court rendered its decision on January 31, denying suppression. When the District Attorney then moved the case for trial in petitioner's absence, the court conducted a hearing to determine whether petitioner had voluntarily waived his right to be present during trial.

The court heard two witnesses, one of whom had checked, with negative results, at central booking in the five boroughs of New York City, the mortuary, and selected hospitals in The Bronx and Manhattan. The other witness, the arresting officer, met with similar results in visiting petitioner's last known address. The petition herein points out that there was no check of FBI files or State correctional facilities. After a ruling that petitioner had voluntarily absconded, the court proceeded to select a jury and try petitioner *in absentia.*

This article 78 proceeding was brought in the nature of prohibition against the further conduct of petitioner's trial *in absentia.* The trial proceeded in the interim and petitioner was convicted of criminal sale of a controlled substance in the third degree. Respondents, the Trial Justice and District Attorney have cross-moved to dismiss the petition.

■ The right of a criminal defendant to be present at his trial may be waived *(People v Epps,* 37 NY2d 343, cert den 423 US 999). This has historically been the case where the defendant's absence is voluntary *(Diaz v United States,* 223 US 442, 455), especially where he has absconded in the midst of proceedings. The determination whether a defendant has voluntarily absented himself, and thus knowingly and intelligently waived his right to be present for trial *(Johnson v Zerbst,* 304 US 458), is within the discretion of the trial court *(United States v Santoro,* 464 F2d 1202, cert den 409 US

1063). Whereas the burden of showing voluntary absence constituting waiver is on the prosecution, "the mere fact of absence may lend itself to the inference of waiver." *(Matter of Root v Kapelman,* 67 AD2d 131, 136.)

The doctrine of waiver is well settled, at least with respect to a defendant who has been present at the opening of trial, or at partial selection of the jury *(People v Aiken,* 45 NY2d 394), or even long enough during preliminary proceedings to have been apprised of the date of commencement of trial or pretrial hearings *(People v Thomas,* 97 Misc 2d 845; *People v Hicks,* 90 Misc 2d 609; *United States v Santoro, supra;* cf. *People v Burts,* 64 AD2d 283).

Petitioner, at the time he absented himself, plainly had been made aware of the nature of the hearing under way, and the fact that trial would follow forthwith. From the record before us, his absence at this stage of the proceedings constituted a knowing and intelligent waiver of the right to be present at trial. As to the voluntariness of the absence, we see no reason to disturb the discretionary finding of respondent Cioffi after hearing. A defendant's voluntary absence from trial only serves to frustrate the judicial process and undermine public confidence in our system of justice.

"Today more than ever the public interest demands that criminal proceedings be prosecuted with dispatch * * * and the greater the delay between the charge and the trial date, the greater the likelihood that witnesses will be unable to appear or that their memories will have faded and their testimony will be less convincing. * * * A defendant's knowing and deliberate absence does not deprive the court of the power to begin the trial and to continue it until a verdict is reached." *(United States v Santoro, supra,* at pp 1208-1209.)

■ Nor is petitioner's argument availing that culmination of this trial with sentencing *in absentia* will deprive him of his right to appeal. The statutory right to be present during sentencing (CPL 380.40, subd 1) may also be waived *(Matter of Root v Kapelman, supra;* cf. *People v Storman,* 36 NY2d 939, 940). Among the conditions under which a defendant is released from custody pending trial is his "assurance that he will stand trial and submit to sentence if found guilty." *(Stack v Boyle,* 342 US 1, 4.)

■ We need not pass on what procedures may be available to petitioner to challenge his conviction *in absentia,* after sentence. We note that it is well settled that the appellate

process is generally not open to an absconding defendant for the simple reason that he is unavailable to obey the mandate of the court in the event his conviction is affirmed *(People v Sullivan,* 28 NY2d 900).

■ Petitioner's counsel presses the issue of unavailability of appeal as the basis for invoking prohibition pursuant to CPLR article 78. Prohibition may be available to review some errors of an extraordinary nature or of constitutional dimension in order to guarantee a fair trial *(La Rocca v Lane,* 37 NY2d 575, cert den 424 US 968). However, it will not be available to defeat the court's power to impose sentence on this absconding petitioner at the appropriate and designated time (see *Matter of Root v Kapelman, supra).*

The petition for an order in the nature of a writ of prohibition should be denied, and the cross motion to dismiss the petition granted, without costs or disbursements.

MURPHY, P. J., SULLIVAN, ROSS and BLOOM, JJ., concur.

Application by petitioner denied, the motion granted and the petition dismissed, without costs and without disbursements.