■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. FLORES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 7, 1979, convicting him, *in absentia*, of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On August 31, 1978 the defendant and three others were arrested for selling approximately two

ounces of heroin to an undercover police officer. All four were indicted, *inter alia,* for criminal sale of a controlled substance in the first degree (see Penal Law, § 220.43), but the defendant was arraigned on the indictment separately. Subsequently, on May 4, 1979, the People moved the case for trial in the presence of the defendant and the court set the case down for trial on May 7, 1979. However, the defendant did not appear on the trial date and the court thereupon adjourned the proceedings in order to permit the People to locate him. When the defendant was still missing on the new trial date, the court proceeded to hold a hearing to determine if he had knowingly and voluntarily waived his right to be present at trial. At the hearing, defendant's counsel indicated that the defendant understood that the trial was to begin on May 7, 1979 and that he knew that he was expected to appear at that time. The People then offered testimony that various hospitals, the county morgues and the defendant's home had been contacted, but that the defendant was not to be found. The proceedings were thereafter adjourned and on the return date the People adduced testimony that the defendant had been seen on the trial date by one of its investigators (who did not then know that the defendant was being sought), but that the investigator was subsequently unable to find either the defendant or his surety. Based on the information presented at the hearing, the trial court determined that the defendant's absence was knowing and voluntary and, therefore, ordered the trial to proceed without him. The defendant was convicted and sentence was imposed *in absentia.* Defendant argues on appeal that he could not have waived his right to be present at all stages of his trial because his absence occurred prior to the commencement of trial (see CPL 1.20, subd 11). Therefore, he contends that his conviction and sentence were invalid. A defendant's right to be present at all stages of his trial (see CPL 260.20; US Const, 6th Amdt; NY Const, art I, § 6) is clearly waivable (see *People v Aiken,* 45 NY2d 394; *People v Epps,* 37 NY2d 343, cert den 423 US 999), but such a waiver must be knowingly and voluntarily made in order to be effective (see *Johnson v Zerbst,* 304 US 458). Where a defendant has pleaded to the charges against him and knows that the trial is to begin upon a day certain, the trial may therefore proceed in his absence if he knowingly and voluntarily waives his right to be present by absenting himself without some valid reason (see *People v Aiken, supra; People v Vega,* 80 Misc 2d 59; *People v Hicks,* 90 Misc 2d 609; *People v Thomas,* 97 Misc 2d 845; *Government of Virgin Is. v Brown,* 507 F2d 186; *United States v Tortora,* 464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063; cf. *People v Burts,* 64 AD2d 283). The crucial issue is one of knowledge and understanding of what is being waived. Here, the record demonstrates that the defendant knowingly and voluntarily waived his right to be present at his trial. He was present when the trial date was set, knew that he was required to appear on that date and voluntarily failed to appear while evading all efforts to locate him. Under these circumstances, the court did not abuse its discretion in directing that the trial proceed and defendant's trial *in absentia* was not in violation of his rights. We have considered the additional argument of the defendant and find it to be lacking in merit. Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.