■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLON, Appellant. — Judgment of the Supreme Court, New York County (Lang, J.), rendered May 2, 1980, unanimously modified, on the law, to the extent of reversing and vacating the resentence of defendant and remanding the matter for resentence. Defendant was convicted on October 17, 1974, on his plea of guilty, to criminal sale of a controlled substance in the third degree. He was sentenced to a term of imprisonment of one year to life. Thereafter, a statute was enacted (Penal Law, § 60.09) which relaxed the rigors of the Rockefeller narcotics sentencing provisions and authorized the imposition of a lesser sentence. Pursuant thereto defendant was resentenced to a term of which the minimum was 1 year and the maximum was 10 years. However, this was done in the absence of defendant. CPL 380.40 (subd 1) mandates that the defendant be present at the time of sentence. Under subdivision 2 of that section this right may be waived. However, unless defendant waives this right, he must be present except when he has absconded or so conducts himself in the courtroom as to make his presence undesirable (*People v Stroman,* 36 NY2d 939; *Matter of Root v Kapelman,* 67 AD2d 131). Commendably, the District Attorney concedes that this applies to resentencing (*People v Brown,* 79 AD2d 659). Since defendant was not present at the time of resentence, we vacate such resentence and remand for further resentencing in accordance with the law. Concur — Sullivan, J. P., Silverman, Bloom and Fein, JJ.

■ VINCENZO CERRATO et al. v 211 THOMPSON CORP. et al. — Motion, insofar as it seeks a stay, denied, and insofar as it seeks leave to appeal, denied as unnecessary (*Candid Prods. v SFM Media Serv. Corp.,* 51 AD2d 943, 944). Concur — Murphy, P. J., Sandler, Carro, Asch and Milonas, JJ.