OPINION OF THE COURT
Frederic S. Berman, J.
In January, 1983, the defendant was tried and convicted by a jury, in absentia, of the crime of criminal possession of a weapon in the third degree, a class D felony. Previously, in 1971, the defendant had pleaded guilty to manslaughter in the first degree and served in excess of three years before being paroled.
The question presented, therefore, is whether or not — and under what circumstances — a defendant can be sentenced as a predicate felon in absentia. Surprisingly, there appear to be no reported decisions on that question.
FACTS
On May 3, 1979, the defendant Stacy Seppinni was arrested for possession of a loaded pistol. In July of 1979, a *126 motion to suppress,physical evidence was granted and the People appealed. On appeal, the Appellate Division reversed the trial court’s decision and the case was sent back to the Supreme Court. When the defendant’s whereabouts could not be determined, a warrant was issued. In 1982, the defendant was extradited from California and returned to New York for trial.
On December 6,1982, the defendant appeared before the Supreme Court, County of New York, Part 31, for trial. At that time, in the presence of the defendant, a trial date was set for January 3,1983. In keeping with the recent Court of Appeals decision of People v Parker (57 NY2d 136), the defendant was advised by this court of the trial date, and informed that if he was not present on the trial date, the case would proceed in his absence. The court stated to the defendant: “The case will be tried on January 3, 1983 in this part. If you’re not present on that occasion, this court will hold a hearing to determine whether you have voluntarily absented yourself, and waived your right to be present at the trial; if I find that you have, we will try the case in your absence and, of course, a warrant will be issued for your arrest. Do you understand that?” The defendant affirmatively responded, “Absolutely sir, no question of that.”
On January 3, 1983, the defendant failed to appear. The court instructed the Assistant District Attorney to make a thorough investigation into the defendant’s whereabouts to determine if he had voluntarily absented himself from the proceedings. A hearing was then scheduled for January 6, 1983.
At the hearing, the People presented the results of their extensive efforts to locate the defendant. Those efforts included dispatching a police officer to the defendant’s last known address, checking the morgue, various area hospitals, central booking in the five boroughs of New York City and investigating the possibility that the defendant was arrested in another jurisdiction.
After considering all of the evidence and testimony, this court determined that the defendant had knowingly, intelligently, and voluntarily absented himself from the pro *127 ceedíngs and therefore waived his right to be present at trial.
Thereafter, the trial was held in his absence, and on January 11,1983 the jury found the defendant guilty of the crime of criminal possession of a weapon in the third degree.
Sentencing was set for March 11,1983, at which time the defendant again did not appear. The People thereupon moved to have the defendant sentenced as a predicate felony offender in absentia in accordance with the provisions of CPL 400.21.
Whether or not to grant the People’s request is the issue herein and first requires a careful examination of the law pertaining to absent defendants.
TRYING A DEFENDANT IN ABSENTIA
It is well established that a defendant has an absolute right to be present at trial (US Const, 6th Arndt; NY Const, art I, § 6; CPL 260.20). That constitutional right may be waived by the voluntary absence from the trial. (Diaz v United States, 223 US 442, 445; Snyder v Massachusetts, 291 US 97, 106; People v Parker, supra; People v Epps, 37 NY2d 343, 349, cert den 423 US 999; People v Aiken, 45 NY2d 394; People v Flores, 78 AD2d 554; People v Thomas, 97 Misc 2d 845; People v Davis, 99 Misc 2d 844; Matter of Root v Kapelman, 67 AD2d 131.)
Courts indulge every reasonable presumption against a waiver of a constitutional right, requiring the waiver to be made knowingly and voluntarily (Johnson v Zerbst, 304 US 458), and the burden is on the People to prove that such a waiver has been made. (Johnson v Zerbst, supra; Matter of Root v Kapelman, supra, p 136; Matter of Whitly v Cioffi, 74 AD2d 230, 233.)
The Court of Appeals, in People v Parker (57 NY2d 136, supra) required the application of a constitutional waiver analysis to determine whether or not a trial may proceed in defendant’s absence; in other words it must be determined whether a defendant had voluntarily, knowingly and intelligently waived his right to be present. In order to do so, the court required (p 141) that “the defendant must, at a *128 minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial”.
In the case at bar, the record demonstrates that the defendant was expressly informed on December 6, 1982 that if he failed to appear on the adjourned date, the trial would proceed in his absence, and the defendant stated unequivocally that he understood. When, in fact, he failed to appear in court on the adjourned date, a Parker hearing was held, and this court made the determination that the defendant had knowingly, voluntarily and intelligently waived his right to be present at the trial, which then proceeded accordingly and resulted in the defendant’s conviction.
SENTENCING IN ABSENTIA
The right to be present during every stage of trial extends to sentencing and is set forth in CPL 380.40. Here too, however, it is well settled that a defendant may knowingly and voluntarily waive his right to be present. (People v Colon, 89 AD2d 552; People v Stroman, 36 NY2d 939; Matter of Whitly v Cioffi, supra; Matter of Root v Kapelman, supra; People v Carson, 104 Misc 2d 281.)
The Appellate Division, First Division, in Matter of Root v Kapelman (67 AD2d 131, 136, supra), lends guidance for the procedures to follow when a defendant does not appear for sentencing. “[W]hile it is now axiomatic that a defendant may waive his right to be present, there must be a finding of waiver before he is sentenced in absentia * * * it will be the People’s burden to show a waiver. In this case the test is whether the defendant has voluntarily absented himself from the proceedings * * * Of course, the mere fact of absence may lend itself to the inference of waiver. Whether a hearing is necessary in such cases, and, if it is, the nature and quality of proof which would be required, will vary from case to case, and are matters best left to the discretion of the sentencing court.”
It would appear that the Court of Appeals in Parker (supra [1982]) extended the holding set forth in Matter of Root v Kapelman (supra), and would now require the trial court to conduct a hearing before sentencing a defendant in absentia.
*129 At a hearing held on April 6,1983, defense counsel in the instant case indicated that he had been in contact with the defendant’s former employer and former business associate, and neither had been in contact with the defendant. The People presented evidence that they had contacted central booking in all five boroughs, the missing persons bureau, the morgue and 19 local hospitals, and were unable to locate the defendant.
Thereupon, the court granted the People’s application that the defendant be sentenced in absentia as a result of his having been found to have voluntarily, knowingly, and intelligently absented himself from the sentencing procedure.
PREDICATE FELONY OFFENDER FINDING IN ABSENTIA
The final question presented to this court is whether the defendant may be sentenced as a predicate felony offender in absentia. As indicated previously, that issue appears to be one of first impression.
Section 70.06 of the Penal Law defines a second felony offender (or predicate felony offender) as a person who stands convicted of a felony, other than a class A-l felony, after having previously been subjected to one or more predicate felony convictions. Sentence must have been imposed before the commission of the present felony and sentence must have been imposed not more than 10 years before the commission of the present felony (certain periods, such as time of incarceration, being excluded in calculating this 10-year period).
In order to declare a defendant as a second felony offender, certain procedures set forth in CPL 400.21 must be followed. The People must file a statement before sentence is imposed setting forth the date and place of each alleged predicate felony conviction (CPL 400.21, subd 2). Before sentence, the defendant must be given a copy of the statement and the court must ask him whether he wishes to controvert any allegation made therein. If the defendant wishes to controvert an allegation, he must specify the particular allegations which he wishes to controvert, and any uncontroverted allegations shall be deemed to be admitted by defendant (CPL 400.21, subd 3).
*130 Where the defendant controverts an allegation in the statement and the uncontroverted allegations are not sufficient to support a finding that the defendant has been subjected to a predicate, felony conviction, the court must proceed to a hearing (CPL 400.21, subd 5). At such a hearing, the burden of proof is upon the People to prove beyond a reasonable doubt that the defendant has been subjected to a predicate felony conviction (CPL 400.21, subd 7, par [a]). At the hearing the defendant may, at any time, controvert an allegation on the grounds that the conviction was unconstitutionally obtained. Failure to so challenge waives the defendant’s right to challenge the constitutionality (CPL 400.21, subd 7, par [b]). At the conclusion of the hearing the court must make a finding as to whether or not the defendant has been subjected to a predicate felony conviction (CPL 400.21, subd 7, par [c]), and, if so, the defendant must be sentenced in accordance with the provisions of section 70.06 of the Penal Law.
Even though the CPL provides the defendant with the opportunity to challenge the second felony offender status, this right — like the right to be present at trial and, thereafter, at sentencing — might be waived if, indeed, the court finds that the defendant voluntarily absented himself from the proceeding.
Although the defense would argue that the defendant should not be adjudged a predicate felon in absentia, logic would dictate otherwise. A defendant who voluntarily absents himself from a proceeding cannot expect to profit from his willful act. He certainly is not entitled to more favorable treatment than a defendant who has responded to and respected the authority of the court and its procedures by appearing at the scheduled date.
To hold otherwise and conclude that a defendant should be sentenced as a nonpredicate felony offender would do violence to the legislative intent which resulted in the enactment of CPL 400.21, and would reward a delinquent defendant with a lesser sentence than he would have received had he appeared.
In order not to so reward an absent defendant, and to still comply with the procedural requirements of CPL 400.21, the court should proceed under the assumption *131 that, if the defendant were present at the proceeding, he would have controverted the allegations in the statement and, thus, be entitled to a hearing (CPL 400.21, subd 5).
At the hearing, the People have the burden of proving beyond a reasonable doubt that the defendant had been subjected to a predicate felony conviction.
To that end, the People produced a certificate of conviction from Supreme Court, New York County, to the effect that the defendant herein had previously pleaded guilty to manslaughter in the first degree and that the previous crime had occurred within the requisite 10-year period.
Accordingly, this court finds the defendant to be a predicate felony offender and will sentence him in absentia in accordance with the provisions of section 70.06 of the Penal Law.