■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SASSOWER, Appellant, v SHERIFF OF SUFFOLK COUNTY, Respondent.—Appeal by the petitioner, as limited by his notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), dated February 10, 1981, as denied his motion for summary judgment and thereupon dismissed a writ of habeas corpus. By order dated July 25, 1983, this court remitted the matter to the Supreme Court, Suffolk County, to hear and report, and held the appeal in abeyance in the interim *(see, People ex rel. Sassower v Sheriff of Suffolk County,* 96 AD2d 585). The Supreme Court, Suffolk County (Joseph, J.), has now complied.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to an order of this court, this matter was remitted to the Supreme Court to hear and report on the issue of whether the appellant's failure to appear on March 7, 1978, the date set for the hearing on a petition to adjudge him in contempt of court for noncompliance with a turnover order in a probate proceeding, constituted a voluntary waiver of his right to be present and proffer evidence in his defense *(see,*

*People ex rel. Sassower v Sheriff of Suffolk County, supra).* Initially, we note that a prompt evidentiary hearing on this issue was obstructed for over three years by the appellant's numerous, meritless attempts to appeal directly to the Court of Appeals or collaterally attack this court's order dated July 25, 1983.

At an evidentiary hearing commenced on September 25, 1986, the appellant's former wife, who is an attorney, testified as a witness. According to the witness, on March 7, 1978, the appellant was of counsel for her client in the trial of a matrimonial action before Justice DiFede, in the Supreme Court, Bronx County. The action was captioned *Green v Green* and the trial had been in progress prior to March 7, 1978. Since the testimony of a witness had not been completed on March 6, 1978, Justice DiFede directed the parties to return with counsel the next day to continue the trial. To her knowledge, the appellant was on trial before Justice DiFede the entire day of March 7, 1978. The witness conceded that she had not attended the trial of the matrimonial action on either March 6 or 7, 1978, but maintained that she knew the aforenoted facts were true from having read the trial transcript when the judgment in the *Green* action was on appeal. She recalled that the appellant was upset about Justice DiFede's direction that the trial proceed on March 7, 1978, because he had other court commitments for that date including a case for one of his clients that had been scheduled in Kings County for the same date and marked final. The witness stated that she personally called the Surrogate's Court, Suffolk County, on March 7 to advise the Surrogate, who was conducting the contempt hearing, that the appellant's affidavit of engagement was "on the way" and that he had been held over on trial in the Supreme Court, Bronx County. She did not recall the name of the individual she spoke with at that court.

The affidavit of the appellant referred to by the witness was dated March 6, 1978, was served by mail, and was received by the Surrogate's Court, Suffolk County, on March 8, 1978. The bulk of the typed affidavit was an application to summarily dismiss the criminal contempt proceeding or, in the alternative, to adjourn the proceeding for at least five weeks so that the appellant could simultaneously bring on motions to hold the Surrogate (Signorelli, S.), and the counsel for the Public Administrator of the estate in question in contempt for reasons to be disclosed in the motion papers. In the last numbered paragraph of his affidavit, the appellant stated: "On March 7, 1978, deponent will be actually engaged in another

court in Brooklyn, New York, and therefore cannot present this application in person". Below his signature, in handwriting, appears the statement "4:30 pm trial continued Supreme, Bronx".

The appellant appeared at the evidentiary hearing on September 25, 1986, and indicated that he intended to take the stand and testify in his behalf. However, upon the request of the attorney for the Public Administrator of the estate in question, the hearing was adjourned after the completion of the testimony of the appellant's former wife. On the adjourned hearing date, November 6, 1986, appellant did not appear despite numerous letters he previously dispatched to the court and his adversaries indicating his intention to appear and testify on that date. The attorney for the Sheriff of Suffolk County informed the hearing court that the appellant had telephoned him at 4:30 P.M. on November 5, 1986, and asked the attorney to advise the court that he would not appear at the hearing, would not request an adjournment, and wished to rest his case. The court denied the Public Administrator's and the Sheriff's applications to adjourn the hearing to enable each to subpoena the appellant to appear and testify. The hearing was concluded and the court found that the appellant's failure to appear on the date set for the contempt hearing did not constitute a voluntary waiver of his right to be present and proffer evidence in his defense because the appellant was engaged on trial in the Supreme Court, Bronx County. We disagree with the court's finding.

As stated in our prior memorandum decision, the appellant was personally served with notice of the date of the contempt hearing and failed to appear. Since the appellant was then an attorney, he was surely aware by virtue of his experience and education of the consequences of nonappearance. Although the burden of showing voluntary absence constituting waiver is on the prosecution (*Matter of Whitley v Cioffi*, 74 AD2d 230), " 'the mere fact of absence may [as here] lend itself to the inference of waiver' " (*Matter of Whitley v Cioffi, supra,* at 233). Consequently, the burden shifted to the appellant to come forward with evidence to rebut the inference that he waived his presence at the evidentiary hearing.

The hearsay testimony of the appellant's former wife at the hearing that Justice DiFede directed the appellant to appear before him in the Supreme Court, Bronx County, on March 7, 1978, to continue the trial of a matrimonial action, does not suffice to negate the inference of waiver. While the appellant's affidavit indicates that he had conflicting court commitments

for March 7, 1978, there is no admissible evidence in the record that the appellant had *requested* and been denied an adjournment for the purpose of attending his contempt hearing, of either the matrimonial trial before Justice DiFede in the Supreme Court, Bronx County, or the unidentified action in Kings County.

The intentional utilization of court appearances which conflict with the scheduled hearing date on a charge of contempt for the purpose of avoiding a prompt hearing on the charge is equivalent to an outright refusal to attend the hearing and constitutes a waiver *(cf., People ex rel. Diamond v Flood,* 100 AD2d 604). Here, the appellant did not proffer any testimony or documentary evidence that he had attempted to avoid or reschedule the conflicting court appearances to enable him to attend his contempt hearing.

The "strongest inferences that the opposing evidence will permit may be drawn against a party who fails to testify" *(see, American Natl. Bank & Trust v Alba,* 111 AD2d 294, 297; *see also, Noce v Kaufman,* 2 NY2d 347; *Dowling v Hastings,* 211 NY 199; *Isquith v Isquith,* 229 App Div 555). In this case, the appellant's affidavit of actual engagement evidences an intention not to subject himself to an adjudication on the merits of the contempt charge unless similar charges were lodged and simultaneously litigated against Surrogate Signorelli and the Public Administrator. Additionally, the appellant's chosen method of service of the affidavit, by mail after 4:30 P.M. on March 6, 1978, ensured the untimely receipt by the Surrogate's Court of his request for an adjournment of the March 7, 1978 contempt hearing. In view of these facts and the appellant's familiarity, as an experienced trial attorney, with court procedures, the Supreme Court erred in declining to draw, from the appellant's failure to testify at the hearing, the adverse inference that he intentionally chose to utilize court appearances which conflicted with the date of his contempt hearing for the purpose of delaying and avoiding the hearing. Based on this record, we find that the appellant's failure to appear at his March 7, 1978 contempt hearing constituted a voluntary waiver of his right to appear and proffer evidence in his defense. Consequently, the hearing court's report, dated November 6, 1987, is disaffirmed and so much of the order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), dated February 10, 1981, as denied the appellant's motion for summary judgment and dismissed a writ of habeas

corpus is affirmed. Weinstein, J. P., Rubin, Eiber and Kunzeman, JJ., concur.